RADFORD JONES, APPELLEE, v. CONSUMERS COOPERATIVE PROPANE COMPANY, APPELLANT.

185 N. W. 2d 458

Filed April 2, 1971. No. 37745.

William B. Craig of Craig, Woodruff & Hanley and John Bottorf, for appellant.

John P. Miller of Eisenstatt, Higgins, Miller & Kinnamon and David B. Downing of Downing & Downing, for appellee .

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action by Radford Jones, plaintiff, to recover damages sustained in an automobile accident. The jury returned a verdict for the plaintiff in the amount of $55,000. The defendant, Consumers Cooperative Propane Company, appeals.

The accident happened at about 9:45 a.m., on October 6, 1966, at an intersection of county graveled roads near Glenvil, Nebraska. The weather was clear and the roads were dry. There were no stop signs at the intersection but there was a "Slow" sign approximately ½ mile west of the intersection.

A farmhouse is located 71 feet north and 97 feet west of the intersection. The farmhouse, together with trees and other buildings in the farmyard, partially obscured the vision of traffic approaching the intersection from the west and the north.

The plaintiff was driving a milk truck carrying about 6 tons of milk. When the plaintiff was 1 mile west of the intersection he was traveling about 40 miles per hour. When the plaintiff was about ½ mile west of the intersection, and where he could get a good view of the road, he looked to the north and could see no traffic or dust from that direction. As the plaintiff passed the slow sign he down-shifted to fourth gear and gradually reduced his speed to about 25 miles per hour. As he approached the intersection the plaintiff looked to the north, then to the south, and again to the north. Just as the plaintiff was entering the intersection, he saw the defendant's truck coming from the north about 3 lengths away. The plaintiff was then traveling at about 20 miles per hour. The plaintiff attempted to accelerate to clear the intersection, but the defendant's truck swerved to the left and collided with the left rear side of the plaintiff's truck in the southeast quadrant of the intersection.

The driver of the defendant's truck died from natural causes before the trial and his testimony was not available. A state patrolman testified that after the accident the defendant's driver said that by the time he saw the plaintiff's truck, "it was too late to avoid the collision" and that "he turned his truck to the left to cushion the impact."

The defendant contends the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law sufficient to bar any recovery. The defendant relies upon the rule that a motorist entering an intersection is obligated to look for approaching automobiles and to see any vehicle within the radius which denotes the limit of danger.

In this case the plaintiff approached the intersection from the right of defendant's truck and entered the intersection before the defendant's truck. If a motorist fails to see an automobile not shown to be in a favored position, the question of his contributory negligence is

ordinarily a jury question. Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571. Before a verdict can be directed against a motorist for failing to see an approaching automobile at a nonprotected intersection, the approaching automobile must be undisputably located in a favored position. Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389. The evidence did not show that the defendant's truck was in a favored position. The trial court properly submitted the issue of the plaintiff's contributory negligence to the jury.

The defendant requested that the trial court give NJI No. 7.03 relating to lookout and reasonable control. The trial court did not give the instruction verbatim as requested but did instruct the jury adequately in regard to control, lookout, and the right-of-way at intersections. The instructions given were correct. Under the circumstances in this case, the refusal to give the requested instruction was not prejudicial error. The refusal of a requested instruction substantially covered by the charge given is not error. Deremer v. State, 182 Neb. 586, 156 N. W. 2d 6.

The defendant also requested that the trial court instruct the jury in regard to the sudden emergency doctrine. The doctrine is not applicable where the emergency is caused in part by the negligence of the party claiming its benefit. Krantz v. Marge's Mufflers, Inc., 184 Neb. 838, 172 N. W. 2d 624. The requested instruction was properly refused.

The trial court, over objection, permitted the plaintiff to introduce an exhibit which was a diagram of the scene of the accident prepared by a state patrolman who had investigated the accident. The exhibit was offered and received for the limited purpose of reflecting measurements made at the scene of the accident. The trial court admonished the jury that the exhibit was admitted only for the purpose of showing distances and that the representations as to the location of the cars on the exhibit should not be considered as evidence. The rul-

ing was within the discretion of the trial court and was not reversible error. Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329.

Later, the defendant recalled the patrolman and, over objection, the witness was allowed to testify that he had indicated on his report that each driver had been exceeding a safe speed. On the following day, the trial court reversed this ruling and directed the jury to disregard that testimony. The defendant argues that since the plaintiff was allowed to introduce a part of the patrolman's report, the defendant should have been allowed to introduce the balance of the report. The contention is without merit.

The exhibit which the plaintiff introduced was admissible as a diagram to show measurements only. The exhibit was not admissible as a report, or a part of a report, and the rule relied upon by the defendant is not applicable.

The judgment of the district court is affirmed.

AFFIRMED.