CAROL STAPLETON, APPELLEE, v. WILLIAM T. NORVELL, APPELLANT.

225 N. W. 2d 409

Filed January 30, 1975. No. 39543.

Jewell, Otte, Gatz & Collins, for appellant.

Smith, Smith & Boyd, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action for damages resulting from an automobile accident. The jury returned a verdict for the plaintiff for $25,000, and the defendant has appealed.

The accident here occurred at around 10 p.m. on September 9, 1968, at the intersection of U. S. Highway No. 20 and a graveled county road in Dixon County, Nebraska. The plaintiff, Carol Stapleton, was regularly employed as a sales clerk in a department store in Sioux City, Iowa. On the night of the accident, she had worked until about 9 p.m., and was on her way home after work. She was proceeding westerly on U. S. Highway No. 20. As she reached a point approximately 150 feet east of the intersection at which State Highway No. 9 enters U. S. Highway No. 20 from the south, she first noticed the headlights of the defendant's car behind her. The north-south county road at which she was intending to turn left to her home was located some 800 feet west of State Highway No. 9. The plaintiff turned on her left-turn indicator and began to slow down. As she crossed a bridge some 250 feet east of the county road intersection, she again looked in her rearview mirror and saw defendant's headlights behind her, but closer. Her left-turn indicator was still on. She continued to slow down as she approached the county road and began her left turn as she entered the intersection. She could see the glare of defendant's lights and knew

that he was still behind her, but she did not again look directly into her rearview mirror.

The defendant had driven to South Sioux City, Nebraska, earlier in the evening, where he had dinner and drinks with business associates. He recalled leaving the restaurant to start home to Laurel, Nebraska, but other than that he has no recollection of the accident. The plaintiff's testimony is therefore the only eyewitness account of the accident.

The report of an officer of the Nebraska State Patrol establishes that the point of impact was some 3 feet 8 inches south of the centerline of U. S. Highway No. 20 and within the intersection of U. S. Highway No. 20 and the county road. The right front corner of the defendant's car struck the left side of plaintiff's car. The plaintiff's car was spun around and knocked down the road to the west. It came to rest some 56 feet 4 inches west of the point of impact, facing east, and in the middle of the south half of U. S. Highway No. 20. The defendant's car was 290 feet to the west of the point of impact and in the borrow pit on the south side of U. S. Highway No. 20.

The plaintiff suffered severe injuries, consisting principally of compound fractures of both the tibia and fibula of the right leg and severe lacerations of the neck and right leg, leaving her with permanent scarring.

The defendant's motions for directed verdict, or in the alternative to dismiss, were overruled. Issues of negligence of the defendant, contributory negligence of the plaintiff, and the comparative negligence of each were submitted to the jury under standard instructions as to which there is no dispute. The jury returned its verdict for the plaintiff in the sum of $25,000. Motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, was overruled and this appeal followed.

Defendant contends first that because the plaintiff looked in her rearview mirror at the time she crossed a bridge less than a city block east of the intersection,

and did not look again in her rearview mirror before commencing her left turn, she was guilty of contributory negligence sufficient to bar recovery as a matter of law.

We have consistently held that before a verdict can be directed against a motorist for failing to see an approaching automobile at a nonprotected intersection, the position of the approaching automobile must be indisputably located in a favored position. If a driver fails to see an automobile not shown to be in a favored position, the presumption is that its driver will respect his right-of-way, and the question of his contributory negligence in proceeding to cross an intersection is for the jury. See Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556.

It is also clear that the rule that failure to look before turning left across a public highway between intersections is negligence as a matter of law is expressly limited to turns between intersections. It does not apply to a left turn at an intersection. See Marquardt v. Nehawka Farmers Coop. Co., 186 Neb. 494, 184 N. W. 2d 617. Any issues of plaintiff's contributory negligence in failing to look to the rear a third time at the moment she commenced her left turn were properly submitted to the jury. Under the facts here, plaintiff's actions did not constitute contributory negligence as a matter of law.

The defendant assigns as error the court's failure to give an instruction relative to the statutory direction in effect at the time of the accident that a driver shall pass beyond the center of an intersection before turning his vehicle to the left, and also in refusing to give a correlative requested instruction that the cutting of a corner in turning left into an intersecting road was evidence of negligence.

The jury was specifically instructed that no person shall turn a vehicle from a direct course upon a highway unless such movement can be made with reasonable safety, and that a signal of intention to turn right or

left shall be given continuously during not less than the last 50 feet traveled by the vehicle before turning. The jury was also instructed that no vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. It was also instructed that no vehicle shall be driven to the left of the centerline when approaching or traversing any intersection except when such right half is obstructed or impassable.

Negligence consisting in whole or in part of the violation of statutes or ordinances, like other negligence, is without legal consequence unless it is a contributing cause of the injury for which recovery is sought. Hersh v. Miller, 169 Neb. 517, 99 N. W. 2d 878.

Whether the plaintiff in this case did or did not proceed to the center of the intersection before turning would not have avoided the accident or changed the result. Under the facts here, a failure to comply with the statutory direction was not a proximate nor a contributing cause of the accident and injury.

Finally, the defendant complains that the instructions permitted the plaintiff to recover for future disability without evidence of permanent injury. A portion of the defendant's argument rests upon the implication that there is no permanent injury unless there is some functional disability. Defendant argues that since there was no medical evidence of functional disability in plaintiff's leg, knee, or ankle, there was therefore no permanent injury shown by the evidence.

Defendant's argument overlooks the medical testimony as to the scarring on plaintiff's neck and leg. The scar on plaintiff's neck was 2½ inches in length and ½ inch in width at the widest part, and was located 2 inches

below her left ear. There was also a scar on her leg between the ankle and knee. The doctor testified that these cosmetic deformities were permanent in nature. The evidence was sufficient to warrant the instruction and to authorize recovery for future disability. The remaining allegations of the defendant are without merit.

The issues were submitted to the jury and the jury returned its verdict in favor of the plaintiff. The judgment is supported by the evidence and is affirmed.

AFFIRMED.