FAUSS CONSTRUCTION, INC., APPELLANT, v. CITY OF HOOPER, APPELLEE.

249 N. W. 2d 478

Filed January 19, 1977. No. 40714.

Hurt & Gallant and Daniel A. Smith, for appellant.

Sidner, Svoboda, Schilke, Wiseman & Thomsen, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Suit was brought by plaintiff, Fauss Construction, Inc., against defendant, City of Hooper, in the county court of Dodge County, Nebraska, to recover damages under a construction contract. Plaintiff recovered judgment for $2,731.84 and costs. Upon appeal to the District Court, the judgment was vacated and plaintiff's petition dismissed. Plaintiff appeals. The judgment is affirmed.

On November 3, 1971, plaintiff and defendant entered into a written contract for the construction of a nursing home at a cost of $384,386. Plans and specifications, in part, provided: "Interior Wood Doors. See Door Schedule, Dwg. A-3. *All interior wood doors shall be solid core or hollow core as shown on schedule,* plain red oak, or rotary cut Birch face veneers, as manufactured by Weyerhaeuser Roddis or equal." (Emphasis supplied.) Plaintiff furnished to defendant's architect shop drawings for the wooden doors showing proposed specifications of the 46 interior doors to be "solid core doors to be C-4000 standard, *particle board core doors* by Georgia-Pacific-Curtis Door Division, New London, Wisconsin." (Emphasis supplied.) These shop drawings were returned to plaintiff by the architect on June 8, 1972, marked "approved as noted." Plaintiff installed 46 particle core doors of the type described in the shop drawings. An inspector from the Nebraska State Fire Marshal's Office examined the building; he informed plaintiff the doors did not meet fire standards; and he advised defendant by letter that all 46 doors in question "shall be changed to a solid core wood door as called for on the blue prints." Thereafter, Ronald L. Fauss, president of plaintiff company, appeared before the defendant town council where plaintiff was directed

to comply with the order of the fire inspector. The written contract contained the usual provisions for "Changes in Work" by written order from the defendant and that claims by the contractor for increase in contract consideration were to be made by giving written notice within 20 days after the occurrence. There is no evidence of either a change order or a claim filed by plaintiff within the 20 days. Plaintiff replaced the 46 interior doors with solid core wooden doors. After about 60 days, plaintiff made a claim on defendant for the replacement costs which was denied.

A particle core door is constructed of wood chips or flakes glued together forming a solid core for the door. A solid core door is made up of small individual blocks of wood 2½ inches wide by random lengths, sometimes glued together and others fitted together, having different positional patterns. Both types of doors are faced with wood veneer. The evidence was that the particle core door costs about $4 less per door and it was less fire resistant.

The trial by the District Court was de novo on the record, as provided by section 24-541, R. R. S. 1943. We have said: "* * * it is the obligation of the court to reach an independent conclusion without reference to the decision of the county court * * *." Phillippe v. Barbera, 195 Neb. 727, 240 N. W. 2d 50. Where a civil case has been tried in the District Court on appeal from the county court de novo on the record pursuant to section 24-541, R. R. S. 1943, we examine the evidence and the record. The judgment of the District Court on the facts will not be set aside if there is sufficient competent evidence to support it. See Burhoop v. Pegram, 194 Neb. 606, 234 N. W. 2d 828.

Plaintiff contends: (1) That the original particle core doors furnished complied with the plans and specifications; (2) that there was an oral modification of the written contract; and (3) that the approval of the shop drawings by the architect was binding upon defendant.

It is clear that the evidence supports the finding of the District Court that the plans and specifications for the 46 interior doors required solid core wooden doors and not particle core doors.

There is little conflict in the evidence as to plaintiff's claim of an oral modification of the written contract. At most, the record shows that when plaintiff appeared before the Hooper town council he was asked the cost of replacing the doors which he estimated at $4,000. He was instructed to replace the doors as required by the State Fire Marshal. No change work order was either requested or issued. This was not an oral modification of the written contract.

Plaintiff urges that when defendant's architect approved the shop drawings, which described the 46 interior doors to be furnished as "particle board core doors," this was a modification of the written contract between the parties. The written contract between the parties provides in part: "The Architect will review and approve Shop Drawings and Samples with reasonable promptness so as to cause no delay, *but only for conformance with the design concept of the Project and with the information given in the Contract Documents.* * * * The Architect's approval of Shop Drawings or Samples shall not relieve the Contractor of responsibility for any deviation from the requirements of the Contract Documents unless the Contractor has informed the Architect in writing of such deviation at the time of submission and the Architect has given written approval to the specific deviation, * * *." (Emphasis supplied.) The architect had no authority to change or modify the specifications in the written contract. Carter v. Root, Inc., 84 Neb. 723, 121 N. W. 952. See, also, 2 A. L. R. 3d 620, § 29, at p. 686. The trial court could find from the evidence that the approval of the shop drawings was limited to design and did not modify the contract.

Plaintiff claims the District Judge abused his discretion in that he failed to consider the issue of oral mod-

ification of the contract as shown by his letter to plaintiff's counsel transmitting a copy of the judgment stating, in part: "The evidence convinces me that the doors originally installed did not meet the plans and specifications. The plaintiff was obligated under the contract to meet the plans and specifications and the burden was on the plaintiff to so perform." There is no merit to this contention. The letter was not a part of the judgment; it merely recited the judge's views on some of the evidence. Curtis v. Securities Acceptance Corp., 166 Neb. 815, 91 N. W. 2d 19.

The record fully supports the judgment of dismissal made by the District Court.

AFFIRMED.