DONALD S. CRINK, APPELLEE, V. NORTHERN NATURAL
GAS COMPANY, A CORPORATION, ET AL., APPELLANTS.

263 N. W. 2d 857

Filed March 29, 1978. No. 41378.

Michael F. Kinney of Cassem, Tierney, Adams &
Gotch, for appellants.

Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

This action arose out of a motor vehicle collision which occurred at an intersection of two county roads. Donald S. Crink, plaintiff and appellee herein, alleged that the collision was caused by the negligence of defendant Cyril E. Krumwiede, who was an employee of defendant Northern Natural Gas Company, and who was acting within the scope of his employment at the time of the collision. The specific allegations of negligence were that Krumwiede failed to keep his vehicle under reasonable control, failed to keep a proper lookout, and failed to yield the right-of-way to the plaintiff. The defendants in a cross-petition, alleged that the plaintiff was negli-

gent for the same reasons and also alleged that the plaintiff was operating his automobile at an excessive rate of speed.

The case was tried before the municipal court of the City of Omaha, which found in favor of the defendants on plaintiff's petition, and in favor of the plaintiff on defendants' cross-petition. On appeal to the District Court, the court entered judgment in favor of the plaintiff on his petition in the amount of $1,195 and costs, although the prayer in his petition was for $1,515.76, and also dismissed defendants' cross-petition. Defendants have appealed to this court, contending that the District Court erred in failing to find as a matter of law that the plaintiff was guilty of contributory negligence in a degree more than slight and sufficient to bar recovery. We reverse the judgment of the District Court.

The significant facts are not disputed, the accident occurred at 9:30 a.m., on September 2, 1976, at an intersection of two gravel roads. There were no adverse weather conditions, and the road surfaces were dry. There were no traffic lights or signs governing traffic at the intersection. The plaintiff was driving south, the defendant Krumwiede was driving west; and as both drivers approached the intersection, the vision of each with respect to the other was obstructed by growing corn. All witnesses agreed that it was a "blind" intersection insofar as both drivers were concerned. Both drivers were traveling at a speed of approximately 25 miles per hour when they approached the intersection.

The plaintiff, who was familiar with the intersection, testified that he observed Krumwiede's car when he was approximately 30 or 40 feet from the intersection, at a time when Krumwiede was also 30 or 40 feet from the intersection. The plaintiff immediately applied his brakes. Krumwiede testified that he did not see the plaintiff's automobile until he had entered the intersection, and an instant before the

collision occurred. The left front of plaintiff's car struck the passenger door of Krumwiede's vehicle. A deputy sheriff testified that he found skidmarks of the length of approximately 50 feet behind the plaintiff's car, but was unable to find any evidence of skidmarks behind Krumwiede's vehicle.

Krumwiede, who was to the left of the plaintiff as the two vehicles approached the intersection, had the duty to yield the right-of-way to the plaintiff under section 39-635, R. R. S. 1943. That section provides that when "two vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." "Right-of-way" is defined in section 39-602 (80), R. R. S. 1943, as the "right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." As stated in Reese v. Mayer, 198 Neb. 499, 253 N. W. 2d 317 (1977), under the two sections cited above, when two vehicles approach an intersection at approximately the same time, the vehicle on the right has the right to proceed in a lawful manner in preference to the vehicle on the left.

The driver on the right, however, does not have an absolute right to proceed regardless of the circumstances. See Hodgson v. Gladem, 187 Neb. 736, 193 N. W. 2d 779 (1972). In Hodgson the facts were similar to the facts of the present case. In that case the accident occurred at a blind intersection of two gravel roads, and the plaintiff was to the right of the defendant as he approached the intersection. Both drivers were traveling at a speed of approximately 40 to 45 miles per hour. The plaintiff saw the defendant's vehicle only an instant before the collision. The defendant saw the plaintiff's vehicle when the

defendant was approximately 30 feet from the intersection, and his vehicle left skidmarks of about 15 feet. The defendant filed a cross-petition against the plaintiff. The trial court found both parties guilty of negligence more than slight as a matter of law and dismissed both the petition and the cross-petition.

On appeal, this court affirmed the judgment of the District Court. We specifically held "that a driver approaching an unprotected intersection where he knows and can readily observe that his view is obstructed must do so at such a speed as will afford him a reasonable opportunity to make effective observations for cars approaching on the intersecting road and give him a reasonable opportunity to properly react to the situation he then observes or could observe, and where his view is completely obstructed and his speed is such that he has given himself no opportunity at all to observe and react appropriately he may, where the facts are undisputed, be found negligent as a matter of law."

In the present case, as in Hodgson, both drivers approached a blind intersection at about the same time and at such a rate of speed that neither could take any effective action to avoid the accident when he first saw or could have seen the other. Plaintiff attempts to distinguish Hodgson on the grounds that the plaintiff in that case was traveling at the speed of 40 to 45 miles per hour and did not apply his brakes prior to the collision, while the plaintiff in this case was traveling 25 miles per hour and did apply his brakes shortly before impact. The fact remains, however, that plaintiff's speed was such that he could not avoid the collision, even though he braked when he first observed Krumwiede's vehicle. Therefore, as stated in Hodgson, the plaintiff's speed "left him no alternative but to enter the intersection irrespective of whatever his observations might disclose when he reached a position where he could see to his left."

We find no basis to distinguish Hodgson under the undisputed facts of this case, and conclude that the plaintiff was guilty of contributory negligence more than slight as a matter of law.

Also we do not believe that under the facts of this case reasonable minds could differ as to the fact that the negligence of the plaintiff in this case was at least more than slight when compared to the negligence of the defendant.

Therefore, the judgment in favor of the plaintiff is reversed and the cause remanded to the District Court with directions to vacate the judgment in favor of plaintiff and dismiss plaintiff's petition.

REVERSED AND REMANDED.

McCOWN, J., dissenting.

This case was tried in the District Court on appeal from the municipal court de novo on the record. In such cases the judgment of the District Court on the facts will not be set aside if there is sufficient competent evidence to support it. Fauss Constr., Inc. v. City of Hooper, 197 Neb. 398, 249 N. W. 2d 478.

In the present case the damage to plaintiff's vehicle was stipulated to be $1,493.78. The District Court judgment for the plaintiff was for $1,195, a reduction of 20 percent almost to the penny, from the stipulated amount of damage. It is obvious that the District Court applied the comparative negligence rule and determined, as the fact finder, that the plaintiff's negligence, in comparison to the defendant driver's negligence, was slight and, therefore, properly reduced the award.

This court now finds that the determination by the fact finder on the facts in this case was clearly wrong; that there was no evidence to support it; and that, as a matter of law, the plaintiff was guilty of negligence more than slight in comparison to that of the defendant driver.

The majority opinion does so solely on the authority of Hodgson v. Gladem, 187 Neb. 736, 193 N. W. 2d

779. There are critical factual differences between the two cases. In Hodgson the plaintiff and the defendant were each traveling about 45 miles per hour. In the case now before the court the cars were traveling at 25 miles per hour. In Hodgson the plaintiff did not see the defendant's vehicle until an instant before the collision. In the present case the plaintiff saw the defendants' vehicle when it was still 30 or 40 feet away from the intersection. In Hodgson the plaintiff did not apply his brakes before the collision. In the case before us the plaintiff applied his brakes and left skidmarks of 50 feet 8 inches before the impact. In Hodgson the defendant saw the plaintiff's vehicle when he was 30 feet away and the defendant's vehicle left 15 feet of skidmarks. In the case before us the defendant driver did not see the plaintiff's automobile until an instant before the collision occurred, and there was no evidence of any skidmarks behind defendants' car. In Hodgson the defendant's vehicle struck the plaintiff's car on the left side. In the present case the plaintiff's car struck the right-hand door of the defendants' vehicle.

On the basis of such divergent facts the majority opinion here now holds that a plaintiff with the right-of-way at a blind county intersection, who is traveling at a speed of 25 miles per hour, and who applies his brakes and skids for over 50 feet, was traveling at such a speed that it gave him no opportunity at all to observe and act appropriately, and that he is guilty of negligence more than slight as a matter of law in comparison to the negligence of a defendant traveling at the same speed who failed to yield the right-of-way, and never even saw the plaintiff until the moment of impact. For all practical purposes the court now holds that at a "blind" intersection a plaintiff with the right-of-way who is unable to stop before a collision is guilty of negligence more than slight as a matter of law. Such a holding destroys the comparative negligence rule and makes direc-

tional right-of-way rules meaningless.

The District Court necessarily determined that both parties were negligent on the facts here, but it also obviously determined that plaintiff's negligence was slight in comparison to the defendant driver's negligence. Those factual determinations are supported on the record. Where reasonable minds might differ on issues of comparative negligence, just as on issues of negligence, the matter should be for the fact finder to determine. The judgment of the District Court here should be affirmed.

WHITE, C. J., joins in this dissent.