KENNETH V. PEARSON, ADMINISTRATOR OF THE ESTATE OF VIOLA D. PEARSON, DECEASED, APPELLANT, V. GEORGE E. RICHARD, APPELLEE.

271 N. W. 2d 326

Filed November 8, 1978. No. 41613.

622

M. J. Bruckner of Marti, Dalton, Bruckner, O'Gara & Keating and Haessler, Sullivan & Inbody, for appellant.

Ray C. Simmons, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

Kenneth V. Pearson, administrator of the estate of Viola D. Pearson, deceased, appeals to this court from the verdict of the jury in favor of defendant-appellee, George E. Richard, in a wrongful death action brought by said administrator to recover damages for the death of the deceased, Viola D. Pearson. The collision in question which resulted in the death of the decedent occurred on October 27, 1975, in the intersection of two open and uncontrolled gravel roads north and west of Ceresco, Nebraska. The accident in question involved an automobile driven by the decedent from the north into the intersection in a southerly direction, and a milk truck driven into the intersection by the appellee Richard, who was proceeding from the east to the west. Appellant's decedent died from injuries received in the accident.

In the petition filed by the administrator it is alleged that the sole and proximate cause of the accident was the negligence of the appellee in failing to keep a proper lookout; in failing to have his vehicle under reasonable control; in failing to yield the right-of-way to the decedent; and in operating his vehicle at an excessive rate of speed under the conditions then and there existing. In his answer, the appellee admitted the accident occurred but alleged that the sole proximate cause of the collision was the negligence of the decedent in failing to keep a proper

lookout; in failing to have her vehicle under reasonable control; in failing to stop or turn or take any other action to avoid the collision; and in operating her vehicle at an excessive rate of speed under the conditions then and there existing. Both parties filed motions for summary judgment. The trial court overruled appellee's motion for summary judgment. The court partially sustained appellant's motion for summary judgment, finding that a genuine issue existed as to whether appellant's decedent was guilty of contributory negligence, which must be determined by the jury from all the surrounding facts and circumstances. The court found, however, that appellee was guilty of negligence as a matter of law and ordered that upon trial "defendant's negligence shall be deemed established and the trial conducted accordingly." Prior to the trial the appellee admitted negligence in one or more of the particulars claimed against him by the appellant and also admitted his negligence was a proximately contributing cause of the collision. The first trial, commencing April 18, 1977, resulted in a mistrial, and the case was retried to a jury, commencing May 3, 1977. The court instructed the jury that the appellee was negligent as a matter of law and that his negligence was a proximate cause of the accident. The court submitted for the jury's consideration the question of the contributory negligence of the decedent, if any, in failing to keep a proper lookout; and in failing to have her vehicle under reasonable control; as well as the comparison of the respective negligence of the parties; and the issue of damages. As previously stated, the jury returned a verdict for the appellee, whereupon the appellant perfected the appeal to this court.

Appellant assigns as error the action of the court in submitting the issue of the decedent's contributory negligence to the jury, alleging there was no competent evidence to support a finding that the de-

cedent was negligent in failing to keep a proper lookout or in failing to have her vehicle under reasonable control. We affirm the judgment of the District Court.

As previously stated, the intersection where the accident occurred was not controlled by any traffic signs or signals. The visibility of both drivers was unobstructed, there being evidence that a motorist driving in a southerly direction at a point 431 feet north of the accident intersection could see a vehicle coming from the east from a point 361 feet east on the east-west road. There were no depressions or rises in the road during the last 431 feet of the road as it went south into the intersection. It is clear from the evidence there were no obstructions to block the view of either motorist at the northeast corner of the intersection. The initial point of impact of the vehicles was identified by the investigating officer as a point where the Pearson automobile's left front tire was pushed straight west. This was located 10 feet 9 inches south of the north edge of the east-west road and 14 feet 5 inches west of the east edge of the north-south road. Following the impact, the vehicles veered to the southwest into a field on the southwest corner of the intersection. The Richard truck continued west, then spun around 180 degrees to the left. The milk tank came off the top of the truck and flew approximately 20 feet high in the air shearing a telephone pole located 41 feet west of the west edge of the north-south road. After spinning around facing an easterly direction, the truck rolled over and subsequently landed on top of the Pearson vehicle, crushing Mrs. Pearson inside the vehicle. She died shortly after the accident. Richard, who approached the intersection from the east, which was to the left of the Pearson automobile, admitted that as he came down the hill from the east he was traveling 40-45 miles per hour. Another witness who observed the accident, testified that Rich-

ard's speed was approximately 40 miles per hour when his vehicle was approximately two car lengths from the intersection. Richard testified that he had made an observation for traffic coming from the north but never saw the Pearson automobile at any time before the accident, nor did he see any dust coming from any automobile approaching from the north. He did not recall hitting the Pearson car and did not apply his brakes at any time before the accident occurred. The investigating officer testified that he was unable to find any skid marks from either vehicle prior to the point of impact. The physical evidence indicates that the Pearson vehicle was being driven in a southerly direction near the west edge of the road. There was a conflict in the contentions of the parties as to the point of impact between the vehicles, counsel for appellee claiming that the right front fender of the westbound milk truck came in contact with the left corner of the decedent's automobile. Testimony for appellant indicated that the point of impact was immediately to the rear of the left front tire. The testimony indicated that the decedent's automobile traveled 59 feet 3 inches after the impact and the truck 60 feet after the impact.

Appellant contends that there is no evidence in the record, either direct or circumstantial, to establish either that the decedent failed to keep a proper lookout for traffic at the intersection or exercise reasonable control of her vehicle. Appellee contends, however, that the trial court should have found as a matter of law that the decedent was contributorily negligent in a degree more than slight in comparison to appellee's negligence. Appellee contends that, of necessity, one of three things must have occurred. Either (1) the decedent did not look or make any observation with regard to traffic at or near the intersection; or (2) she looked but did not see the approach of appellee's truck, although her vision to the

east was unobstructed; or (3) she looked and observed the appellee's truck, but did not take any action to avoid the accident.

At this point, a review of applicable legal principles will be helpful. The law is well established that in determining the question of whether the evidence is sufficient to submit the issues of negligence and contributory negligence to the jury, a party is entitled to have all conflicts in the evidence resolved in his favor and the benefit of every reasonable inference that may be deduced from the evidence, and if reasonable minds might draw different conclusions from a set of facts thus resolved in favor of a party, the issues of negligence and contributory negligence are for a jury. Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556 (1963); Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389 (1968). Negligence is a question of fact and may be proven by circumstantial evidence and physical facts. However, the law requires that the facts and circumstances proved, together with the inferences that may properly be drawn therefrom, indicate with reasonable certainty the negligent act charged. Flory v. Holtz, 176 Neb. 531, 126 N. W. 2d 686 (1964). It is also the rule that the persuasiveness of direct evidence may be destroyed by the physical facts or other circumstantial evidence, even though not contradicted by direct evidence. Merritt v. Reed, 186 Neb. 561, 185 N. W. 2d 261 (1971). Where there is a reasonable dispute as to what the physical facts show, the conclusions to be drawn therefrom are for the jury. The credibility of witnesses and the weight to be given their testimony are solely for the consideration of the jury. Price v. King, 161 Neb. 123, 72 N. W. 2d 603 (1955). The language of this court in Price is also illuminating. In that case, the defendants contended that the evidence showed Nellie Price was guilty of negligence more than slight as a matter of law when compared with the negli-

gence of the defendants. In addressing itself to that contention this court stated: "The only negligence shown on the part of Nellie Price was that she was driving fast. There is no evidence that she was violating any speed limit fixed by statute. Whether she was negligent in failing to keep a proper lookout, or in failing to yield the right-of-way, is dependent upon the facts proved, and consequently is a matter for the jury. The presumption is that she used due care. There is a natural presumption that everyone will act with due care. The mere fact that an accident happens does not prove contributory negligence. Negligence must be proved by direct evidence or by facts from which such negligence can be reasonably inferred. In the absence of such proof, negligence cannot be presumed. The evidence of the plaintiff, and the defendants as well, is sufficient from which the jury might find that King was grossly negligent. The jury could find that he failed to keep a proper lookout and failed to slow down or stop his truck where reasonable care under the circumstances required him to do so. The fact that he had a heavy load on the truck, requiring, as he said, that he had to watch the road immediately ahead of him, would not excuse his duty to keep a proper lookout for approaching traffic. It cannot be said that Nellie Price was guilty of negligence which would as a matter of law preclude a recovery. From the record before us, she could well have assumed that her right-of-way was going to be respected by the driver of the truck. The degree of negligence on her part, if any, is for the jury to determine under proper instructions by the court."

Appellant also contends the rule is that the instinct of self-preservation and the disposition to avoid personal harm may, in the absence of evidence, raise the presumption that a person killed was in the exercise of ordinary care. However, in Sheets v. Davenport, 181 Neb. 621, 150 N. W. 2d 224 (1967), we held

that the presumption in an action for wrongful death that a decedent exercised reasonable care for his own safety has no probative force, is a mere rule of law, obtains only in the absence of direct or circumstantial evidence justifying an inference on the subject, and disappears when evidence is produced. See, also, Caradori v. Fitch, 200 Neb. 186, 263 N. W. 2d 649 (1978). While it is questionable whether, in the instant case, the circumstantial evidence and physical facts were sufficient to warrant a finding by the court as a matter of law that the decedent was guilty of contributory negligence more than slight, we need not reach that issue for the reason that we conclude that in any event the evidence was sufficient to warrant the submission of the issue of decedent's contributory negligence to the jury, which was done, and the jury has decided the issue by its verdict. The law is well established in this state that when a motorist enters an intersection of two highways he is *obligated* to look for approaching motor vehicles and to see those within that radius which denotes the limit of danger. If he fails to see a car which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. If he fails to see an automobile not shown to be in a favored position the presumption is that its driver will respect his right-of-way and the question of his contributory negligence in proceeding to cross the intersection is a *jury* question. Jones v. Consumers Coop. Propane Co., 186 Neb. 629, 185 N. W. 2d 458 (1971); Pupkes v. Wilson, 165 Neb. 852, 87 N. W. 2d 556 (1958); Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571 (1957). See, also, Stapleton v. Norvell, 193 Neb. 71, 225 N. W. 2d 409 (1975). There would seem to be little doubt that under our statutes the decedent had the directional right-of-way, inasmuch as the appellee entered the intersection to her left, and he was required to yield the right-of-way to her. § 39-635

(1), R. R. S. 1943. We have held, however, that the right-of-way which the driver of a vehicle is required to yield to the vehicle on the right is a qualified right-of-way. The driver on the right must exercise due care, may not proceed in disregard of the surrounding circumstances, and where necessary to avoid a collision may be required to yield the right-of-way. We have said on many occasions the fact that one may have the directional right-of-way does not permit him to proceed in utter disregard of traffic approaching from the left. Hacker v. Perez, 187 Neb. 485, 192 N. W. 2d 166 (1971); Costanzo v. Trustin Manuf. Corp., *supra*. However, even assuming that appellee's automobile was not in a favored position so far as directional right-of-way is concerned, under the cases cited above the question of whether the decedent was guilty of contributory negligence in proceeding to cross the intersection was a *jury* question.

The evidence is clear that the vision of neither driver was obstructed, and each could have seen the other approaching the intersection. Appellee concededly did not see the decedent and has admitted he was negligent in not so doing. Unfortunately, the decedent, because of her death, was not available to testify as to her actions immediately preceding the accident. In this connection, we note that counsel for appellant in support of his arguments relies heavily upon the case of Wolstenholm v. Kaliff, 176 Neb. 358, 126 N. W. 2d 178 (1964). This case is factually dissimilar and distinguishable from the instant case, as Wolstenholm involved a "Yield Right of Way" sign, and the defendant testified that she had stopped back of that sign and had looked both ways before slowly proceeding into the intersection where the accident occurred. We conclude that Wolstenholm is not controlling under the facts existing in this case.

In this case, it is clear from the record that dece-

dent's vision was unobstructed and she could and would have seen the appellee as he approached the intersection, if she had made the observation required by law. The fact that she may have had the directional right-of-way at the intersection is, as stated in the foregoing cases, not conclusive; and the question of whether she looked and governed herself accordingly was a question of fact properly submitted to the jury. It is also clear from a lack of skid marks that she probably made no effort to apply her brakes or turn in some manner or take other action in an attempt to avoid the accident.

The jury had all the above evidence before it, and was properly instructed as to the applicable legal principles. It found for the appellee. Its verdict, and the judgment entered thereon by the court, must be affirmed.

AFFIRMED.