PATRICIA MAY AND JAMES W. MAY, DOING BUSINESS AS THE BIDDERS CHOICE, APPELLANTS, V. MARIJO CORPORATION, A NEBRASKA CORPORATION, AND JOSEPH CIESLIK, APPELLEES.

299 N.W.2d 433

Filed December 5, 1980. No. 43066.

William T. Ginsburg of Zuber & Ginsburg for appellants.

E. Dean Hascall for appellees.

Heard before KRIVOSHA, C.J., McCOWN, and HASTINGS, JJ., and COLWELL and CANIGLIA, District Judges.

CANIGLIA, District Judge.

This is a law action arising out of a lease dispute between the plaintiffs, lessees, and defendants, lessors. In their petition, plaintiffs allege that the defendants breached the lease by not providing quiet enjoyment and use of the premises, and cite other violations of the lease by the defendants, and accordingly seek damages. The defendants filed an answer generally denying liability and a cross-petition for rent due until the expiration of the lease. A trial to the jury resulted in a verdict for the defendants on the plaintiffs' petition and for a judgment of $1,501.22 in favor of the defendants on their cross-petition. The lower court entered judgment on the verdict and the plaintiffs have appealed, assigning as error that the verdict was not supported by the evidence and was contrary to law. We affirm.

For convenience, the appellants and appellees will be referred to as plaintiffs and defendants, respectively.

In their appeal, the plaintiffs have raised the following propositions of law. Where there is a question as to the meaning of a contract, it is to be construed most strongly against the party preparing it. *Omaha P. P. Dist. v. Natkin & Co.*, 193 Neb. 518, 227 N.W.2d 864 (1975); *Abboud v. Cir Cal Stables*, 190 Neb. 396, 208 N.W.2d 682 (1973); *Podewitz v. Gering Nat. Bank*, 171 Neb. 380, 106 N.W.2d 497 (1960). In an ambiguous lease, a reasonable and practical construction is given the lease by determining the intentions of the parties at the time the lease was made. Any disturbance by his lessor of a lessee's possession which renders the premises unfit for occupancy for the purposes for which they were leased or which deprives the lessee of the beneficial use of the premises, causing him to abandon

them, amounts to a constructive eviction. *Kimball v. Lincoln Theatre Corporation*, 129 Neb. 446, 261 N.W. 842 (1935); 3 Thompson on Real Property § 1132 at 474-83 (1980). The measure of damages in a case of breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed. *Midlands Transp. Co. v. Apple Lines, Inc.*, 188 Neb. 435, 197 N.W.2d 646 (1972); *Ranchland Auto, Inc. v. Cleveland*, 188 Neb. 804, 199 N.W.2d 702 (1972).

The defendants do not disagree with these propositions of law, and an examination of the instructions given by the learned trial court discloses that the jury was properly instructed on each of the propositions of law cited.

During the trial, lengthy and copious evidence was adduced by the plaintiffs and defendants and submitted to the jury. It would be to no avail to review the evidence other than to comment that it is in conflict on the issues raised by this appeal. Under these circumstances, it is not the province of this court to weigh or resolve conflicts of the evidence.

The credibility of the witnesses and the weight to be given their testimony are solely for the consideration of the jury, *Pearson v. Richard*, 201 Neb. 621, 271 N.W.2d 326 (1978), and unless clearly wrong, a verdict by a jury based on conflicting evidence will not be set aside on appeal. *Sortino v. Paynter*, 206 Neb. 348, 292 N.W.2d 916 (1980); *C I T Financial Services of Kansas v. Egging Co.*, 198 Neb. 514, 253 N.W.2d 840 (1977). The evidence in this case, although conflicting, does support the verdict and the judgment is, therefore, affirmed.

AFFIRMED.