ROBERT E. PARMENTER, APPELLANT, v. DAVID R. JOHNSON, APPELLEE.

331 N.W.2d 263

Filed March 18, 1983. No. 44540.

Jim Zimmerman of Atkins, Ferguson, Hahn, Zimmerman & Carney, for appellant.

Michael J. Javoronok of Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellee.

KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and DAVIS, D.J., and COLWELL, D.J., Retired.

DAVIS, D.J.

The appellant, plaintiff below, appeals a verdict and judgment for the appellee in a negligence action for injuries claimed from a collision between vehicles operated by the parties which occurred in an uncontrolled intersection of two roads in Melbeta,

Nebraska, during the day of January 25, 1975.

The trial court directed a verdict against the appellee on the issue of liability and instructed the jury on the issues of the appellant's contributory and comparative negligence, using Nebraska Jury Instructions on lookout, control, and right-of-way.

The evidence showed that just prior to the accident the appellant was operating his vehicle to the east on a two-lane gravel surfaced road at a speed of approximately 15 miles per hour. The appellee was operating his vehicle to the south on a two-lane road at 15 to 20 miles per hour, according to his testimony.

The appellant, a local resident, testified that he had used the road many times on trips from his farm to town and was familiar with the intersection.

The appellant testified that he believed he saw the appellee shortly after his earliest opportunity to do so, but stated that his vision to the north was somewhat obstructed by a house and trees on the northwest corner of the intersection. The appellee's vehicle was approximately one-half block to the north of the intersection when it was first seen by the appellant, and at that time the appellant's vehicle was 40 or 50 feet to the west of the intersection.

The appellant testified that when he first saw the appellee he realized that he could not cross the intersection safely, based upon his estimate of the speed at which the appellee was approaching. He applied his brakes hard, and testified that his truck stopped at or shortly before impact, with its front end at a point approximately 10 feet into the intersection and 1 foot into the southbound traffic lane.

The right front corner of the appellee's truck struck the left front corner of the appellant's truck.

The appellee testified that he did not see the appellant's vehicle until he had approached within 10 feet of it, at which time he applied his brakes but was unable to stop before impact.

The appellant argues that because he saw the ap-

pellee's oncoming vehicle within a short distance of his earliest opportunity to do so and that because he applied and locked his brakes prior to impact, he met the requirements of lookout and reasonable control as a matter of law, and that the trial court erred in submitting these issues to the jury, along with the issue of his right-of-way.

In determining whether the evidence is sufficient to submit the issues of negligence or contributory negligence of an opposing party to a jury, a party is entitled to have all conflicts in the evidence resolved in his favor and to have the benefit of every reasonable inference that may be deduced from the evidence. If reasonable minds might draw different conclusions from the facts thus resolved, the issues of negligence or contributory negligence are for a jury. *Pearson v. Richard,* 201 Neb. 621, 271 N.W.2d 326 (1978).

Here, because of the appellant's speed as a function of control, see NJI 7.03, a reasonable inference arises that he had no alternative but to enter the intersection, regardless of what his observation may have disclosed, when he reached a position from which he could see an oncoming vehicle to his left. *Crink v. Northern Nat. Gas Co.,* 200 Neb. 460, 263 N.W.2d 857 (1978); *Hodgson v. Gladem,* 187 Neb. 736, 193 N.W.2d 779 (1972).

Given the evidence of the respective speeds of the vehicles involved, the semiobstructed nature of the intersection, the appellant's familiarity with it, as well as his testimony as to the point at which he first observed or could have observed the appellee's vehicle, a jury question existed as to the adequacy of the appellant's lookout. *Pearson v. Richards, supra; Crink v. Northern Nat. Gas Co., supra; Hodgson v. Gladem, supra; Jones v. Consumers Coop. Propane Co.,* 186 Neb. 629, 185 N.W.2d 458 (1971).

Based upon the evidence of the location and speed of the vehicles involved, the trial court properly submitted to the jury the question of right-of-way.

*Crink v. Northern Nat. Gas Co., supra; Pearson v. Richard, supra.*

The judgment of the District Court is correct and is affirmed.

AFFIRMED.