WELLS FARGO ALARM SERVICES, A DIVISION OF BAKER PROTECTIVE SERVICES, INC., APPELLEE AND CROSS-APPELLANT, V. NOX-CRETE CHEMICALS, INC., APPELLANT AND CROSS-APPELLEE.

424 N.W.2d 885

Filed June 24, 1988.   No. 86-702.

Tamra L. Wilson, of Erickson & Sederstrom, P.C., for appellant.

Robert L. Lepp and Michael S. Mostek, of McGill, Koley, Parsonage & Lanphier, P.C., for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

NORTON, D.J.

This appeal arises out of an action to recover damages for breach of contract and conversion of property tried to the Douglas County District Court without a jury. The district court found in favor of the plaintiff and awarded judgment, together with prejudgment interest from and after September

30, 1983. We affirm.

The facts disclose that the defendant, Nox-Crete Chemicals, Inc., hereinafter referred to as Nox-Crete, contracted with the plaintiff, Wells Fargo Alarm Services, a division of Baker Protective Services, Inc., hereinafter Wells Fargo, for fire and burglar alarm protection services under two separate written agreements dated January 7 and January 20, 1981. Each agreement was for a term of 5 years and required the payment of a prescribed sum annually, payable in advance, for the services to be provided by Wells Fargo. Each agreement also provided that Wells Fargo

> shall have the right to increase or decrease the annual service charge provided above at any time . . . after the expiration of one year . . . upon giving Subscriber written notice 60 days in advance of the effective date of such increase or decrease. If Subscriber is unwilling to pay such increased charge, Subscriber may terminate the then unexpired term of this Agreement by notifying Wells Fargo in writing 30 days prior to the otherwise effective date of the increase . . . .

On October 29, 1982, Wells Fargo forwarded notice to its customers of an impending rate increase for services to be performed in 1983, effective January 1, 1983. By letter dated April 7, 1983, Nox-Crete notified Wells Fargo that it was terminating the agreements because of the recent price increase. On April 12, 1983, Wells Fargo acknowledged receipt of the notice and stated that it would hold Nox-Crete liable for all sums due under the unexpired terms of the agreements.

The agreements between the parties also provided that upon termination, Wells Fargo was authorized to remove all components of the systems. On May 17, 1983, when Wells Fargo attempted to remove such equipment, Nox-Crete refused to allow it to do so. Thereafter, Wells Fargo filed suit, setting forth four causes of action, the first and third thereof being for damages for breach of the agreements, and the second and fourth for the return of or damages for the conversion of the personal property of Wells Fargo, together with prejudgment interest from and after May 17, 1983. Nox-Crete answered and cross-claimed for a setoff of fees prepaid to Wells Fargo.

Following trial the district court found that Wells Fargo was entitled to the benefit of each agreement; that Nox-Crete had terminated the agreements outside of the timeframe provided and had converted the personal property of Wells Fargo to its own use; and that Wells Fargo should recover damages for each breach and each conversion, together with prejudgment interest from and after September 30, 1983. Defendant's counterclaim for setoff was dismissed. This appeal followed.

The defendant sets forth seven assignments of error by the trial court, which can be more concisely stated as follows: (1) The trial court erred in denying the defendant's motion to dismiss made for the reason that the plaintiff had failed to bear its burden of proof of breach and certainty of damages; (2) the judgment of the trial court is contrary to the law and the evidence; (3) the damages awarded by the trial court for the breach of the agreements are excessive, are not supported by the evidence, and are not based upon reasonably certain proof of damages actually sustained; (4) the trial court erred in dismissing defendant's counterclaim and setoff; (5) the trial court erred in awarding prejudgment interest on all of the plaintiff's causes of action; and (6) the trial court erred in excluding defendant's testimony that the service contracts would have been terminated upon the next price increase for services under the contract.

Plaintiff cross-appealed, assigning as error the following issues: (1) The trial court erred in finding the date of conversion to be September 30, 1983; (2) the trial court erred in failing to award interest on plaintiff's conversion claims from and after May 17, 1983; and (3) the trial court's failure to award interest from and after May 17, 1983, is contrary to the law and the evidence.

In reviewing an action at law tried without a jury, it is not the role of the Supreme Court to resolve conflicts in or reweigh the evidence. Rather, the court presumes that the trial judge resolved any controverted facts in favor of the successful party. This court will also consider the evidence and the permissible inferences therefrom most favorably to the successful party. Moreover, in such actions the findings and conclusions of the trial judge have the effect of a jury verdict and will not be set

aside unless clearly wrong. *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 419 N.W.2d 518 (1988). See, also, *Kubista v. Jordan*, 228 Neb. 244, 422 N.W.2d 78 (1988).

In a contract case the proper measure of damages is an amount which will compensate the injured person for loss which fulfillment of the contract would have prevented or breach of it has entailed. See, *Stansbery v. Schroeder*, 226 Neb. 492, 412 N.W.2d 447 (1987); *May v. Marijo Corp.*, 207 Neb. 422, 299 N.W.2d 433 (1980); Restatement of Contracts § 329 (1932).

Damages need not be proved with mathematical certainty, but the evidence must be sufficient to enable the trier of fact to estimate with a reasonable degree of certainty and exactness the actual damages. *Peterson v. North American Plant Breeders*, 218 Neb. 258, 354 N.W.2d 625 (1984).

Where the amount of a loss, the subject of litigation, cannot be computed without opinion or discretion, the claim is unliquidated, and prejudgment interest is not recoverable. *Peterson v. North American Plant Breeders, supra.*

The trial court's ruling considering the acceptance or rejection of evidence will not be reversed unless there is shown to be an abuse of discretion. *Tank v. Peterson*, 219 Neb. 438, 363 N.W.2d 530 (1985).

In reviewing the evidence of this case it becomes apparent that the agreements of January 1981 were preceded by two other agreements between the parties for the same services. The latter agreements commenced in September of 1976. All four agreements were received in evidence. Pursuant to all of the agreements, Nox-Crete had made payments to Wells Fargo for services to be provided, the last of which was made in full in October of 1982 for the period from October 1, 1982, through September 30, 1983. It takes little effort to compute the amount of time from the date of the end of the prepayments to the end of the agreements. The evidence would show without dispute the amount of annual charges. Applying this annual charge to the unpaid term involves only a mathematical calculation. It is also equally apparent that Nox-Crete attempted to terminate the agreements and refused to surrender the property upon demand. While there was some conflicting evidence over the

reason for the late notice to terminate, the fact remains that Nox-Crete did not comply with the provisions of the 1981 agreements in notifying Wells Fargo of its intent to terminate. No effective notice having been given, it could be inferred that but for the actions of Nox-Crete, Wells Fargo could have expected the agreements and their benefits to continue for the remainder of the terms thereof.

In considering the amount of damages in breach of contract cases, the trier of fact, in applying the general rule on damages, must also bear in mind that generally speaking the losses sustained by reason of the breach or the gains prevented are both actual and consequential damages. Of necessity this requires consideration of the concepts of mitigation on the part of the nondefaulting party and savings realized through the breach. Nox-Crete attempted to show that Wells Fargo would realize savings through termination of the agreements, but the fact of the matter is that the evidence does not support this conclusion. Moreover, there was no way for Wells Fargo to mitigate short of retrieving its property and disposing of it through other channels. The refusal of Nox-Crete to permit Wells Fargo to remove this equipment frustrated any possible mitigation. There is no merit in the first three assignments of error.

With respect to defendant's counterclaim and setoff, it is noted that Nox-Crete was in effect given credit for the prepayments made to September 30, 1983. Therefore, a dismissal of that setoff was proper, and the fourth assignment of error has no merit.

Prejudgment interest is proper if the amount of the loss can be computed without opinion or discretion. One cannot seriously question the fact that the remaining unpaid term of the agreements could be computed without speculation or that the property converted had a value which was readily discernible. Therefore, the fifth assignment of error has no merit.

The offer by Nox-Crete of testimony that the agreements would have been terminated upon the next price increase for service under the agreements, set forth as assignment of error No. 6, likewise has no merit. Such evidence is speculative and

not founded upon facts in evidence.

Having disposed of the defendant's assignments of error, we move to the assignments set forth by the plaintiff in its cross-appeal. Basically, all of these assignments could be generally stated as follows: that the evidence disclosed that the breach and conversion occurred on May 17, 1983; that the trial court determined the actual date of breach and conversion to be September 30, 1983; that the law provides that prejudgment interest shall run from the date of the loss if the loss is readily determinable; and that the failure of the trial court to award interest from May 17, 1983, was in error.

This case was tried June 12 and 13, 1986. Following the last prepayments made by Nox-Crete in 1982, no further payments were made, nor was the property of Wells Fargo returned to it. While the evidence may show that on May 17, 1983, Nox-Crete refused to permit Wells Fargo to remove its personal property and evidenced an intent to terminate the agreements, the actual breach could not have occurred until September 30, 1983, the end of the term covered by the prepayments made by Nox-Crete. Presumably, Nox-Crete had the right to the use of Wells Fargo's equipment until that time. To have granted prejudgment interest from May 17 would have in effect afforded to Wells Fargo in this case recovery of excessive interest and would have constituted error on the part of the trial court. Plaintiff's assignments of error have no merit.

The trial court's findings and judgment were correct and are affirmed.

AFFIRMED.