JULIA C. BENSON, APPELLANT, V. HERMAN B. PETERS, APPELLEE.

FILED JUNE 10, 1910.    No. 16,440.

1. Appeal: EVIDENCE: REVIEW. When a judgment is reversed by this court for want of evidence to support it, and the cause remanded for another trial, and the evidence upon another trial is the same as on the former trial, the question as to the sufficiency of the evidence will not be again examined.

2. Evidence: CONCLUSIONS. In a jury trial, a question that calls for the conclusion of a witness on the issue being tried is incompetent.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Weaver & Giller,* for appellant.

*Greene, Breckenridge & Matters, contra.*

SEDGWICK, J.

This is the second appeal in this case. . The opinion upon the former appeal is reported in 82 Neb. 189, where a sufficient statement of the nature of the case may be found. Upon the first trial the plaintiff recovered a judgment which was reversed in the opinion referred to. Upon another trial in the district court the judge, after hearing the evidence, instructed the jury to find a verdict for the defendant, and the plaintiff has appealed.

The plaintiff insists that the evidence was sufficient to require that the case be submitted to the jury, but at the same time it is conceded that the evidence is precisely the same that it was upon the former trial, in which it was held by this court to be insufficient to support a verdict in favor of the plaintiff. The real cause of complaint of the plaintiff upon this hearing is in the exclusion of evidence, and in regard to this the plaintiff in the brief says: "Upon this trial of the case in the district court before his Honor Judge Day, Mrs. Benson undertook to supply the link which the majority of the supreme court held was wanting." The plaintiff was a chambermaid in the Merchants' hotel in Omaha, and the defendant was the proprietor of the hotel. Her alleged cause of action was that she was required to go from the rooms where she worked to her meals by way of the freight elevator to the basement, and then to the kitchen, and that at the time of her accident the basement was dark, and she, in stepping from the elevator, slipped and sprained her ankle. In the former opinion it was said: "The sum of the evidence intended to connect the alleged carelessness with the injury is that the basement was dark and that

the plaintiff slipped and sprained her ankle. There is no evidence indicating that the darkness was responsible for the injury. The alleged carelessness has not been shown to be the proximate cause of the injury sustained."

On the last trial the plaintiff's counsel asked her, while she was upon the witness stand: "Would you have slipped and been injured if the light had been turned on?" This was excluded upon objection, and the plaintiff excepted. She was then asked: "What caused you to slip and sprain your ankle?" which was likewise excluded. She then offered to show in answer to these questions that the cause of her slipping and spraining her ankle was the darkness, which would not allow her to see where she was stepping. She was told that she might describe the conditions and describe what she did, but not state her conclusions. The witness had already testified that there was an electric lamp near the elevator, but the light was not turned on, and that the girls sometimes turned on the light from the elevator as they went down, but that she did not do so on this occasion; that it was dark on this occasion when she stepped out, and that when she stepped onto the step from the elevator, "I got injured, I sprained my ankle, my foot. Q. How did you sprain it? A. By stepping on the board. Q. What was the matter with the board? A. It was slippery, I think." She was then asked: "And was it dark—or was it so that you could not see where you were stepping?" This question was objected to by the defendant as leading and suggestive, but the objection was overruled, and she answered: "I could not see where I was stepping, but I thought I was stepping on the board or the plank." Then she was asked: "Would you have slipped and been injured if the light had been turned on?" This question, as has already been stated, she was not allowed to answer, and this ruling is manifestly correct. This was the principal question that the jury was called upon to answer, and in the condition of the evidence, and under the former decision of this court, it was the very gist of the case.

There being no other error complained of, the judgment of the district court is

AFFIRMED.