TAVNER R. NEAL ET AL., APPELLEES, v. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED JUNE 5, 1915. No. 18152.

1. **Appeal: CONFLICTING EVIDENCE.** A finding of the jury upon conflicting testimony will not be set aside, if there is competent evidence to support it, unless clearly wrong.

2. ———: **EXCLUSION OF EVIDENCE.** Rulings of the trial court excluding proof of collateral facts as too remote in point of time will not be disturbed on appeal, where the record does not show an abuse of discretion.

3. **Evidence: EXPERT EVIDENCE: ULTIMATE FACTS.** An objection to a question calling for the opinion of an expert witness on the ultimate fact to be determined by the jury should be sustained.

4. ———: **VALUE OF PERSONALTY.** In an action to recover damages for the loss of personal property destroyed by fire, the owner may testify to its value.

5. **Appeal: AMENDMENT TO PETITION.** During the trial, permission to amend the petition by praying for damages in excess of the sum originally claimed *held* not reversible error.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*J. A. C. Kennedy* and *Will H. Thompson,* for appellant.

*H. S. Daniel* and *John A. Moore, contra.*

ROSE, J.

This is an action to recover $3,000 for damages resulting from fire in a one-story frame shingle-roof warehouse at Forty-first and Nicholas streets in Omaha. The building and contents were owned by Tavner R. Neal, one of the plaintiffs. The other plaintiffs had insured the property against fire, and they have paid insured the amount due under his policies. The warehouse was located about 50 feet from defendant's railroad track, and plaintiffs plead that the fire was negligently started by a passing locomotive. Defendant denies negligence and the starting of the fire. The trial resulted in a verdict in favor of plaintiffs for $2,500 and interest. From a judgment for $2,991.15, defendant appeals.

The principal assignment of error is that the verdict is not sustained by the evidence. The theory of plaintiffs is that the fire was started by sparks from a locomotive which passed the warehouse on defendant's track about 9:35 P. M., January 29, 1910. In the building there was a plastered living apartment consisting of a kitchen, a dining-room and two bedrooms. There was a range in the kitchen and a heating stove in the dining-room. Defendant's theory is that the fire originated from a stove. There is proof tending to show that the fire made its greatest headway in the living apartment, where firemen first directed their efforts; that the wind blew at the rate of eight or nine miles an hour from the warehouse toward the railway track; and that there was snow on the ground. From testimony of this nature, it is argued by defendant that sparks from the passing locomotive did not start the fire, and that the trial court and the jury disregarded physical conditions and the operation of natural laws. A finding in harmony with defendant's view of the evidence, however, was not the only alternative. On behalf of plaintiffs there is competent evidence tending to prove the following facts and conclusions: The passing locomotive was at the time pulling a load up grade and was emitting sparks in great volume. It threw glowing cinders against the wind farther than the distance between the railroad track and the

roof of the warehouse. The roof was steep, and there was no snow on it. On the slope next to the railway track, smoke was discovered a few minutes after the train passed, and later fire was seen. The wall next to the passing train was burnt more than the opposite wall. The occupant of the living rooms testified that there was no fire in the heating stove; that at 6 o'clock in the evening he made a fire in the range, using kindling, but no coal; that he left about 7, and that there was then very little fire in the range. Evidence of this character is believable, and, when considered with the entire record, it is sufficient to support the verdict.

A number of assignments of error are directed to rulings which prevented defendant from showing the weather conditions and the daily snowfall on various dates before January 28, 1910. The fire occurred in the evening of January 29, 1910, and at that time, according to the undisputed evidence, there was no snow on the roof of the warehouse. Defendant, nevertheless, was permitted to show the amount of snow on the ground January 28, 1910, and the next evening. Proof of the snowfall January 29, 1910, was also admitted. In addition, defendant offered to show the snowfall as early as November, 1909. In ruling on offered proofs of such collateral facts, it was the duty of the trial court, in the exercise of judicial discretion, to fix a reasonable limit to the period of inquiry. In this respect prejudicial error is not shown.

Complaint is made because some of the firemen were not permitted to express an opinion stating where the fire started. On the record made, the determination of that fact settled the case. The issue did not call for the opinion of an expert. After the evidential facts were stated, the jurors were as competent as the firemen to draw a conclusion. Under the circumstances of this case, the opinion of experts on the ultimate fact to be determined by the jury was properly excluded. *Read v. Valley Land & Cattle Co.*, 66 Neb. 423; *Chicago, R. I. & P. R. Co. v. Holmes*, 68 Neb. 826; *Benson v. Peters*, 87 Neb. 263.

In re Estate of Wiese.

Another assignment of error challenges a ruling which permitted plaintiff Neal to state the value of stock food and salt damaged by the fire. He was the owner of the property, and as such was qualified to testify to its value. *Hawkins v. Collins,* 89 Neb. 140; *Hespen v. Union P. R. Co.,* 82 Neb. 495.

It is further argued that the trial court erred in permitting plaintiffs, during the trial, to amend their petition by praying for judgment in the sum of $3,000 instead of $2,500, the amount of damages originally claimed. The point is without merit. Prejudicial error in the record is not affirmatively shown.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.