JEFFREY LEE REESE BY DELANO G. REESE, APPELLEE, v. MITZI MAYER ET AL., APPELLANTS.

253 N. W. 2d 317

Filed May 11, 1977. No. 41009.

Ray C. Simmons, for appellants.

Sidner, Svoboda, Schilke, Wiseman & Thomsen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal in an action for damages arising out of an automobile accident. The case originated in the small claims court. In the District Court, the plaintiff recovered a judgment in the amount of $299.87. The defendants have appealed to this court.

The accident happened at about 10 p.m., on January 24, 1975, at the intersection of 20th Street and Yager Road in Fremont, Nebraska. Both streets were approximately 26 feet wide. There were no stop signs or other traffic control devices at the intersection. The weather was clear but the streets were very icy.

The plaintiff, Jeffrey Reese, testified that he was driving south on Yager Road at approximately 15 or 20 miles an hour when he saw the Mayer automobile approaching from the east. At that time both automobiles were approximately 60 feet from the intersection. The plaintiff applied his brakes, sounded his horn, and attempted to turn aside. The Mayer automobile did not slow down and the right front of the plaintiff's automobile struck the right rear of the Mayer automobile. The plaintiff's automobile stopped in the middle of the intersection. The Mayer automobile stopped about three-fourths of a block from the intersection. The cost of repairs to the plaintiff's automobile amounted to $299.87.

The defendant, Mitzi Mayer, testified that she was driving west on 20th Street at approximately 20 miles per hour when she saw the plaintiff's automobile about a block north of the intersection. The front of her car was then about 10 feet away from the intersection. She sounded her horn and proceeded into the intersection without reducing her speed. She believed the plaintiff did not slow down and she did not see him turn either way. She was unable to judge the speed of the plaintiff's automobile except that it appeared to be going twice as fast as her automobile. At the time of the impact her automobile was almost completely across the intersection. Her automobile stopped about a third of a block west of the intersection.

A witness to the accident testified that when the defendant's automobile was about 10 or 15 feet east of the intersection, the plaintiff's automobile was 40

feet north of the intersection. This witness estimated the speed of the defendant's automobile at 15 or 20 miles an hour and the speed of the plaintiff's automobile at 30 or 35 miles an hour. The defendant's automobile did not slow down but the plaintiff tried to stop. The impact was "just a light thump."

The appeal to the District Court was a trial de novo to the court. § 24-527, R. R. S. 1943. Since the trial court found in favor of the plaintiff, the evidence must be considered in the light most favorable to the plaintiff, all controverted issues of fact must be resolved in his favor, and he is entitled to the benefit of every inference that may reasonably be drawn from the evidence. Since this is a law action, the finding of the trial court is equivalent to the verdict of a jury and will not be set aside unless clearly wrong.

The evidence was such that the trial court could find that the two vehicles approached the intersection at approximately the same time. The defendant, as driver of the vehicle on the left, was required to yield the right-of-way to the vehicle on the right, the plaintiff's automobile. § 39-635, R. R. S. 1943. The defendant's failure to do so was evidence of negligence and sufficient to support a finding for the plaintiff.

The defendant contends the plaintiff was guilty of negligence more than slight, as a matter of law, and sufficient to bar any recovery. To support this contention the defendant makes two arguments.

The first argument is based on the testimony of the defendant and the witness to the accident. The trial court was not required to accept the testimony of the defendant or the witness to the accident, particularly as to speeds and distances from the intersection. The testimony of the plaintiff, if believed, was sufficient to support the finding and judgment.

The second argument is based on section 39-635(1), R. R. S. 1943. Prior to 1969, the statute contained a

provision that the vehicle on the right "shall have the right-of-way." This language has been eliminated and the statute now provides only that the driver on the left "shall yield the right-of-way to the vehicle on the right." In effect the defendant argues that the amendment eliminated the concept of right-of-way and that now when two vehicles approach an intersection at approximately the same time neither vehicle has the right-of-way. This argument ignores the plain language of the present statute.

Section 39-602 (80), R. R. S. 1943, defines right-of-way as follows: "Right-of-way shall mean the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other." When section 39-635(1) and section 39-602(80), R. R. S. 1943, are construed together the meaning is clear.

When two vehicles approach an intersection at approximately the same time, the vehicle on the right has the *right to proceed* in a lawful manner in preference to the vehicle on the left. In other words, the vehicle on the right has the right to the immediate use of the intersection, and it is this use of the roadway that the vehicle on the left is required to yield to the vehicle on the right.

It should be noted that the right-of-way which the vehicle on the left is required to yield to the vehicle on the right is a qualified right-of-way. The driver on the right must exercise due care, may not proceed in disregard of the surrounding circumstances, and where necessary to avoid a collision may be required to yield the right-of-way. See, Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496; Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238; Laux v. Robinson, 195 Neb. 601, 239 N. W. 2d 786.

The judgment of the District Court is affirmed.

AFFIRMED.