REGINA A. BELITZ, APPELLEE, V.
MARVIN G. SUHR, APPELLANT.

WILLIAM L. BELITZ, APPELLEE, V.
MARVIN G. SUHR, APPELLANT.

303 N.W.2d 284

Filed March 13, 1981. Nos. 43250, 43251.

Hansen & Engles, P.C., for appellant.

James R. Welsh of Welsh, Sibbernsen & Bowen for appellees.

Heard before KRIVOSHA, C.J., McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ., and RONIN, Retired District Judge.

WHITE, J.

This is an appeal from the District Court from an order granting a motion for new trial after trial to a jury and verdict for the defendant in each of the two cases. The causes of action arose as the result of a collision which occurred on West Maple Road approximately 2½ miles west of Omaha, Douglas County, Nebraska, on February 20, 1978.

The undisputed facts in the case appear to be these: The plaintiff husband was traveling east in his own lane on West Maple Road and had passed the Douglas County Hospital Annex driveway. The day was windy and, while most of the road was not snow covered, there were areas where the wind was blowing snow across the highway, causing drifting. Such an area occurred immediately east of the driveway where it appears that the snow had started to drift across the road, blocking the westbound lane of West Maple Road. According to plaintiff's version, he approached the area and had visibility of approximately 50 feet. He did not see the defendant's automobile. The plaintiff's vehicle was struck on the left side while the plaintiff's vehicle was entirely in its own lane of traffic. The defendant testified that as he approached the area, he slowed his vehicle, that there was blowing snow across the highway, and that he did not see the plaintiff's vehicle prior to the collision.

At the conclusion of all the evidence, the matter was submitted to the jury and the verdict was for the defendant, finding that the plaintiff husband's cause of action for personal injuries, as well as the

plaintiff wife's cause of action for loss of consortium, should be dismissed. The defendant had received the favorable verdicts in the District Court and appeals from the order granting the motion for new trial.

Defendant points out that the trial court in its order sustaining the motion for new trial did not set forth the reasons for its decision. He calls our attention to the line of cases which indicate that when the trial court grants a motion for new trial without stating its reasons, the appellant fulfills his burden by submitting the records to the Supreme Court with the contention that there is no prejudicial error; the burden then shifts to the appellee to identify any prejudicial error in the record which justified the trial court's decision in sustaining the motion for new trial, citing *Greenberg v. Fireman's Fund Ins. Co.*, 150 Neb. 695, 35 N.W.2d 772 (1949).

The plaintiff, in response, suggests three errors committed by the trial court which establish that the trial court did not abuse its discretion in the order granting the new trial. *County of Hall ex rel. Wisely v. McDermott*, 204 Neb. 589, 284 N.W.2d 287 (1979). (1) The trial court erred in permitting the safety patrol officer to testify from his accident report concerning statements favorable to the defendant made by the defendant at the accident scene; (2) The trial court erred in permitting the officer to give his opinion with respect to the "contributing circumstances" of the accident and, in response thereto, to testify that both vehicles were traveling at an unsafe speed under the circumstances; and (3) The trial court erred in failing to properly instruct the jury on the plaintiff's theory of the case.

The safety patrol officer, Curtis Nielsen, was called as plaintiff's witness. On cross-examination he was asked the following question: "Would you read from your report what you wrote down that these individuals told you as to this occurrence, and bearing in mind that Number One is Mr. Belitz, Number Two is Mr. Suhr.

"MR. WELSH: I am going to object, Your Honor, as being hearsay as to Mr. Suhr, and also it is not the best evidence. He is here to testify. He is trying to get in a police report in a roundabout way.

"MR. ENGLES: No, I am not. He can testify as to what the man told him. If that refreshes the man's recollection, that is part of it.

"THE COURT: Objection is overruled."

The officer thereupon responded: "And Driver Number Two stated - -

"Q. That is Mr. Suhr?

"A. Yes, Mr. Suhr. Driver Number Two stated that he was westbound on Highway 64 when he came upon a section of the road which was badly drifted and had snow blowing across it. Mr. Suhr stated that he slowed up and that he could not see the oncoming vehicle, Mr. Belitz, through the blowing snow, and he then collided with the Belitz vehicle." The statement was offered by the defendant apparently for the purpose of proving the truth of the out-of-court assertion. To that extent it falls clearly within the definition of hearsay and under none of the exceptions. It is true that a certain portion of the statement may be damaging to Mr. Suhr, but a portion of it is also helpful to him, tending to establish or prove that he slowed down before entering the drifted area and, as such, is barred by Neb. Rev. Stat. § 27-801 (Reissue 1978). The defendant suggested that the rule allowing extended cross-examination is here involved or that the fact that the hearsay was written down and later used to refresh the witness' recollection renders the hearsay statement somehow admissible. It does not. The admission of the testimony of Officer Nielsen as to the defendant's conversation was erroneous.

The next assigned error relates to: "Q. And in preparing your official report and forming your conclusions in this particular accident, is there a portion of the formal report entitled contributing circumstances?

"A. Yes, there is.

"Q. And would you refer to that in your report, please. Did you note what, in your opinion, the contributing factors or circumstances were in this accident?

. . . .

"A. Yes.

"Q. (by Mr. Engles) Okay, and based upon your experience and training, what are, in your opinion, the contributing circumstances in the accident that we are describing in this lawsuit?

"MR. WELSH: I am going to object, Your Honor, as no proper and sufficient foundation. I feel that it is invading the Court's prerogative. Also the foundation has been shown through testimony that this officer and investigator didn't arrive until at least an hour afterwards, and that this would be sheer speculation on the part of this witness.

"MR. ENGLES: Your Honor, our rules of evidence permit me to question the officer not necessarily as a, quote, expert witness, but rather I can ask him opinions as a layman, and the rules specifically provide that, based on his perceptions, he may give an opinion.

"THE COURT: Objection is overruled.

"Q. (by Mr. Engles) You may refer to your report if you would like to, sir.

"A. I have got down contributing circumstances as exceeding safe speed. This is a little bit misleading, however.

"Q. Go ahead and lead us, then.

"A. It should probably read exceeding speed that is safe for the road conditions."

The testimony was offered as that of a lay witness, presumably under Rule 701 of the Rules of Evidence, Neb. Rev. Stat. § 27-701 (Reissue 1979): "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a

fact in issue." The question, then, is whether the testimony that both drivers were exceeding a safe speed was rationally based on the perception of the witness. The evidence discloses that the surface of the roadway was snow covered probably at the time of the accident and the north lane was drifted closed, making traffic difficult if not impossible; that the officer arrived at the scene of the accident; and that there was no testimony as to marks on the surface or that any marks were discernible. There is only the evidence of the photograph of the automobiles themselves showing damage to them and the testimony of the two occupants to the officer that neither saw the other prior to the collision. There is no question that an expert, properly qualified, may give an opinion as to the speed of the vehicles involved in an automobile accident, but we are unable to find any case in which, based solely on the fact of a collision, we have permitted anyone, expert or nonexpert, to testify as to speed. No attempt was made to suggest that the damage to the automobiles was indicative of a rapid rate of speed when the automobiles met. The subject was not even discussed in the examination. Under the Comment to the Proposed Nebraska Rules of Evidence, Rule 701 (1973), the commentary states at 107: "The present rule reflects the existing law of Nebraska. Limitation (a) has previously been a familiar requirement in Nebraska. It is based on the premise that the lay witness' function is to describe what he has observed and that the trier of fact will draw the conclusion from the facts observed and reproduced by the witness. *Benson v. Peters*, 87 Neb. 263, 126 N.W. 1003 (1910); *Riggs Optical Co. v. Riggs*, 132 Neb. 26, 270 N.W. 667 (1937)." In other words, as observed further in the Comment, "Limitation (a) is the familiar requirement of first-hand knowledge or observation." *Id.* at 107. The officer did not observe the collision and his basis of testifying as to unsafe speed cannot be said to be based on any rational perception of the

facts. To allow this testimony by a lay witness would make a mockery of our cases involving the foundational requirements that must, on attack, support the conclusion of an expert as to speed. The admission of the officer's testimony was clearly erroneous.

The third assignment of error discusses the requested instructions. The substance of all the requested instructions was given in the court's own instructions and a party may not be heard to complain when the substance of the instructions requested is contained in other instructions by the court.

We conclude that errors occurred in the admission of evidence sufficient to justify the District Court in the exercise of its discretion to grant a motion for new trial. The exercise of that discretion was not abused and the judgment of the trial court is affirmed.

AFFIRMED.