VIRGIE J. HERMAN, APPELLANT, V.
LOIS J. LEE ET AL., APPELLEES.

316 N.W.2d 56

Filed February 12, 1982.    No. 43435.

Eric W. Kruger and J. Patrick Green for appellant.

Hansen & Engles for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

PER CURIAM.

This is an action for personal injuries sustained as the result of a collision between the automobiles of appellant, Virgie J. Herman, and appellee Lois J. Lee at the intersection of 20th and Martha Streets in Omaha, Nebraska, on February 26, 1979. From a jury verdict in favor of the appellee and the subsequent order overruling the motion for new trial, appellant appeals. We affirm.

The Herman car was traveling south on 20th Street and entered the intersection of 20th and Martha Streets on a green traffic signal. The Lee car was traveling west on Martha Street and was the 10th to 13th car in a funeral procession consisting of approximately 30 cars. The Lee vehicle had its lights on and also displayed a plastic hood ornament designating it as a vehicle in a funeral procession. The procession was being escorted by an off-duty police officer driving an escort vehicle containing red flashing lights. At the time of the collision, the escort vehicle was 2 to 4 blocks beyond the 20th and Martha Streets intersection.

The speed of both vehicles, which vehicle entered the intersection first, and the distance between the Lee vehicle and the preceding vehicle in the procession were all matters in dispute and properly for the jury's determination.

Lee testified that she was the 10th to 13th car in the funeral procession and was following the im-

mediately preceding car by one car length, or approximately 20 feet. She also testified that she was first in the intersection, observed the Herman vehicle approaching from nearly one-half block away, and that she had virtually stopped when the Herman vehicle entered the intersection at approximately 50 miles per hour, striking the front portion of her vehicle. Lee stated that she was traveling approximately 3 miles per hour at the time of the collision.

Herman's testimony contradicted these claims. Herman testified that she was driving 30 to 35 miles per hour in a 30-mile-per-hour speed zone and entered the intersection first and was struck by the Lee vehicle. Herman attempted to offer opinion testimony by the police officer who investigated the accident. An offer of proof indicated that the officer would have testified that the Herman vehicle was traveling 20 to 25 miles per hour at the time of the collision.

It is uncontradicted that the Lee vehicle was part of a funeral procession that was passing through the 20th and Martha Streets intersection where the accident occurred, and that the Lee vehicle was positioned midway in the procession.

Herman assigns three errors. First, she claims the trial court erred in refusing opinion testimony of an investigating officer relative to the speed of her vehicle; second, the trial court erred in admitting in evidence the Omaha municipal code relating to funeral processions; and third, the trial court erred in embodying the ordinance into a jury instruction.

The crucial question presented on this appeal is whether the city ordinance is in conflict with the general laws of this state, and therefore we will discuss it first.

Appellant contends that the Omaha municipal code, § 35.12.030, is in conflict with Neb. Rev. Stat. §§ 39-609 and 39-614 (Reissue 1978).

The appellee, on the other hand, contends that the ordinance and the statutes do not conflict. The appellee

further contends that even if the ordinance and the statutes are conflicting, the city of Omaha was expressly authorized to enact the ordinance under Neb. Rev. Stat. § 39-697 (Reissue 1978).

The state has inherent power to establish, maintain, and control the highways of the state, including those within corporate limits of municipalities. While the Legislature may properly delegate certain powers over streets, alleys, and highways to a municipality, it retains the power to legislate with reference thereto, even in home rule cities, such as Omaha, when a matter of statewide policy and concern is involved. *Omaha Parking Authority v. City of Omaha*, 163 Neb. 97, 77 N.W.2d 862 (1956).

It has been said before that the city streets are part of the highway system of the state. The concentration of traffic in metropolitan cities is a matter of general rather than strictly local concern. The state is primarily concerned when through traffic passing through a municipality becomes congested. When a traffic problem occurs which is of statewide concern, the state Legislature is the body which has authority to alleviate the problem. The choosing of the means and the methods of accomplishing such purpose is a legislative function. Its justification stems directly from the exercise of the police power. The primary object of the Nebraska Rules of the Road, as set out in Chapter 39 of the Nebraska Revised Statutes, is to facilitate and make safe the use of the highways. Any power a municipality derives over its streets is strictly statutory and is not exclusive. The power of a municipality over its streets is subject to the superior control of the state except where the Constitution prevents its doing so.

Although a home rule charter must be consistent with and subject to the Constitution and laws of this state, it has been held that a provision of a home rule charter takes precedence over a conflicting state statute in instances of local municipal concern, but when the Legislature enacts a law affecting municipal affairs

which are of statewide concern, the state law takes precedence over any municipal action taken under the home rule charter. See *Omaha Parking Authority v. City of Omaha, supra.*

This view is consistent with *Arrow Club, Inc. v. Nebraska Liquor Control Commission,* 177 Neb. 686, 693-94, 131 N.W.2d 134, 139 (1964), wherein this court said: "Where there is a direct conflict between a city ordinance and a state statute, the statute is the superior law. . . . A city ordinance is inconsistent with a statute if it is contradictory in a sense that the two legislative provisions cannot coexist. . . . Generally, an ordinance cannot prohibit what the Legislature has expressly licensed, authorized, or permitted."

We believe the Omaha city ordinance and the statutes cited by the appellant are not contradictory and can coexist. Section 35.12.030 of the ordinance provides: "It shall be unlawful for the driver of any vehicle to drive between vehicles comprising a funeral or other authorized procession, while they are in motion, and when such vehicles are conspicuously designated. Funerals shall be designated by the use of funeral flags or lighted headlamps. This provision shall not apply at intersections where traffic is controlled by a police officer."

Section 39-609(1) provides: "The driver of any vehicle shall obey the instructions of any traffic-control device applicable thereto placed in accordance with the provisions of sections 39-601 to 39-6,122, unless otherwise directed by a law enforcement officer, subject to the exceptions granted the driver of an authorized emergency vehicle in sections 39-601 to 39-6,122."

The other statute claimed to be inconsistent with the city ordinance is § 39-614(1)(a), which provides: "Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn, but vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and

to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited . . . ." Appellant contends that the city ordinance cannot modify the right-of-way provided by these two statutes.

The Legislature has stated in Neb. Rev. Stat. § 39-603(3) (Reissue 1978): "The provisions of sections 39-601 to 39-6,122 shall be applicable and uniform throughout this state and in all political subdivisions and municipalities of this state and no local authority shall enact or enforce any ordinance directly contrary to the provisions of sections 39-601 to 39-6,122 unless expressly authorized by the Legislature."

The appellee contends that the Legislature, in § 39-697(1)(c), expressly authorized the city of Omaha and all municipalities to enact ordinances regarding the regulation of processions and assemblages. Section 39-697(1)(c) provides: "Any local authority with respect to highways under its jurisdiction and within the reasonable exercise of the police power may: . . . Regulate or prohibit processions or assemblages on the highways . . . ."

We are of the opinion that the ordinance regulating funeral processions was a reasonable and valid exercise of the city's police power under § 39-697(1)(c).

The ordinance was enacted for the benefit of the traveling public and is a legitimate traffic measure. Slow-moving funeral processions impede traffic and cause congestion, and it is in the interest of other motorists that their movement through the streets and to their destination be expedited. We think that this is the purpose of the ordinance and that it serves the public welfare and safety.

The ordinance as enacted does not directly conflict with our present right-of-way statutes. It has been held that intersection right-of-way is a qualified, not absolute, right to proceed through an intersection, exercising due care, in a lawful manner in preference to another vehicle. *Reese v. Mayer*, 198 Neb. 499, 253

N.W.2d 317 (1977).

Section 39-614(1)(a) already provides that traffic facing a green light may proceed unless there is another vehicle lawfully within the intersection. We believe that if the appellee's car was, in fact, part of a funeral procession and was in its proper place, it had the right to enter the intersection lawfully on the red light by virtue of the ordinance. The intersection was initially controlled by the funeral escort car and was thereafter controlled by each vehicle in the funeral procession. As long as the funeral procession was not broken, under our present right-of-way statutes no vehicle facing a green signal would have the right-of-way to proceed through the intersection. The green light facing the appellant did not authorize her to enter the intersection and drive through the funeral procession if she knew or should have known that a funeral procession was passing through the intersection. The evidence indicates that one exercising due care in keeping a careful lookout should have known that a funeral procession was passing through the 20th and Martha Streets intersection.

We are not holding that the ordinance gives a vehicle in a funeral procession an absolute right to proceed through a red light. The driver of a vehicle in a funeral procession, just as any other vehicle, has a duty to exercise ordinary care for the safety of other persons and those persons in his or her own car. When a driver has a preferred right-of-way, such as an emergency vehicle or a vehicle in a funeral procession, he or she must be especially alert and cautious if he or she intends to run a red traffic signal and must take such care commensurate with the serious consequences that may follow. If a party becomes detached from a funeral procession or lags too far behind, the preferred right-of-way granted by the ordinance is lost and the party must stop for the red traffic signal. If another vehicle slips between cars in a funeral procession and is already in the intersection, subsequent vehicles in the

procession must yield the right-of-way to the car already in the intersection. *Reese, supra.*

The ordinance does not conflict with the statutes and the giving of an instruction based thereon was not error.

Appellant also claims that the trial court erred in refusing opinion testimony of an investigating officer relative to the speed of the appellant's vehicle. The officer's opinion on the speed of the Herman vehicle was based on his investigation, training, experience, road conditions, and damage to the Herman vehicle. His training and experience encompass both classroom and practical application. Officer Dennis Moran served as an accident investigator for the Omaha Police Department for 3 years. The objection made by the appellee's counsel was based on no proper and sufficient foundation in that the opinion invaded the province of the court and the jury. An offer of proof was made indicating that if the officer had been permitted to testify, his opinion of the speed of the Herman vehicle would have been approximately 20 to 25 miles per hour. The latter ground of the objection was probably added by defense counsel from force of habit since Rule 704 of the Rules of Evidence, Neb. Rev. Stat. § 27-704 (Reissue 1979), specifically provides that an opinion is not objectionable because it embraces an ultimate issue for the trier of fact. Therefore, the ruling excluding the opinion must have necessarily been on foundational grounds.

Neb. Rev. Stat. § 27-702 (Reissue 1979) provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Since the adoption of the Rules of Evidence, opinions as to vehicular rates of speed have been elicited in two other cases before us. In *Nickal v. Phinney,* 207 Neb.

281, 298 N.W.2d 360 (1980), a licensed professional engineer with a degree in mechanical engineering and experience in accident reconstruction was permitted to testify as to the speed of plaintiff's motorcycle. His personal knowledge of underlying data included measurements, skid marks, degree of rotation of defendant's pickup, weight of vehicles, road surface conditions, coefficient of friction between the tires and the pavement, change of grade, and other facts. In *Belitz v. Suhr*, 208 Neb. 280, 303 N.W.2d 284 (1981), we held it was error to allow an investigating officer that arrived on the scene an hour after an accident to testify as a lay witness that plaintiff's speed exceeded what was safe for road conditions. The rule to be gleaned from these two cases is that an opinion of vehicular speed is proper, provided a sufficient foundation is laid to show the expertise of the witness, as well as specific knowledge of the underlying facts to deal with the question in issue.

No exact standard is possible for fixing the qualifications of an expert or skilled witness, and the ruling of a trial judge receiving or excluding an opinion will be reversed on appeal only when a clear abuse of discretion is shown. *Northern Nat. Gas Co. v. Beech Aircraft Corp.*, 202 Neb. 300, 275 N.W.2d 77 (1979); *Danielsen v. Richards Mfg. Co., Inc.*, 206 Neb. 676, 294 N.W.2d 858 (1980); *State v. Loveless*, 209 Neb. 583, 308 N.W.2d 842 (1981).

No abuse of discretion has been demonstrated. The exclusion of the opinion evidence was not error.

The judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.

CLINTON, J., dissenting.

I dissent. The majority opinion, in the paragraph beginning with the words "Section 39-614(1)(a) already provides," reconciles the statute pertaining

to traffic lights and the right-of-way given thereby and the right-of-way arising from the Omaha ordinance by reason of the Lee car being part of a funeral procession. That paragraph now tells a trial judge the type of instruction which is appropriate in such cases.

However, no such reconciling instruction was given in this case and the appellant's complaint with reference to the instruction given is not dealt with in the opinion at all.

In effect the instructions told the jury that the green light which Herman had would give her the right-of-way. Other instructions and the one of which Herman complains told the jury the Lee car could have the right-of-way by reason of the ordinance. It did not tell the jury how to apply these conflicting instructions.

We summarize by quoting, with the modifications indicated, the last paragraph of the appellant's brief: "If the ordinance can be harmonized in some other way with the state statute, that harmony was not embodied in the trial court's instructions. The trial court in instruction three charged on the ordinance. In instruction 11 it defined right of way. In instruction 12 it charged that the car with the green light had the right of way. Thus, under the court's instructions, both cars had the right of way. The car in the funeral procession under the ordinance and the car with the green light under the statute. The court charged that drivers had the right to assume that others would obey the law until they had notice to the contrary. Thus under the court's instructions, each car either had the right to proceed into the intersection until it knew the other car was proceeding, or each car had to wait until the other car had proceeded. Thus, the court instructed the jury that the law either created a situation in which an accident was inevitable, or required each car to wait until the other had [proceeded] . . . . If the trial court believed that the ordinance and the statute could be harmonized, the

method of reconciliation should have been included in the instruction. It was not."

I believe the judgment should be reversed and the cause remanded for new trial with proper instructions.