REQUESTED BY: Senator Mark R. Christensen
Nebraska State Legislature
Introduction
In a letter to this office dated November 21, 2008, you have indicated that you are considering introducing legislation to address some questions which have arisen regarding the authority of local political subdivisions to "exempt" themselves from provisions of the Concealed Handgun Permit Act, Neb. Rev. Stat. §§ 69-2427 through 69-2447 (Cum. Supp. 2006 and Supp. 2007) (sometimes referred to herein as "the act"). The act was passed by the Legislature during its session in 2006 and went into effect on January 1, 2007.
Generally speaking, the Concealed Handgun Permit Act is designed so that citizens of Nebraska who meet certain training and other requirements may obtain permits allowing them to carry concealed handguns throughout the state except for certain specific locations and/or in certain specific situations. §§ 69 2428, 69-2433, 69-2432, 69-2433(10), 69-2436(1), 69-2441(1)(a). The act also sets forth regulatory measures relating to the carrying of concealed handguns by permitholders and provides penalties for violations of the act. §§ 69-2430 through 69-2432, 69-2435, 69-2439, 69-2440, 69-2442 and 69-2443. The Nebraska State Patrol, as called for by the act, has issued rules and regulations intended to implement the law. §§ 69-2432(1), 69-2446; 272 NAC ch. 21.
It is in this context that you ask for this office's legal opinion on three questions relating to the Concealed Handgun Permit Act and local political subdivisions, which we paraphrase as follows:
 1. Does the language of the act preempt the authority of local political subdivisions to ban by ordinance the carrying of concealed handguns by permitholders within their jurisdictions?
 2. Does the provision found in § 69-2441(1)(a) of the act that prohibits even permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" grant local political subdivisions the authority to ban the lawful carrying of concealed handguns by permitholders?
 3. Does the provision found in § 69-2441(1)(a) of the act that prohibits even permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" mean that permitholders may not carry concealed handguns in a location "where the simple possession, let alone the carrying of a handgun, is otherwise prohibited?"
We will discuss each of your inquiries in the following section of this opinion.[1]
Discussion
I.
Preemption of Local Ordinances
Section 69-2436 of the Concealed Handgun Permit Act states unequivocally: "A permit to carry a concealed handgun is valid throughout the state for a period of five years after the date of issuance." (Emphasis supplied.) Section 69-2441(1)(a) also states that "[a] permitholder may carry a concealed handgun anywhere in Nebraska" except in locations further described in that section. (Emphasis supplied.)
Although the act, thus, purports to allow a permitholder to carry a concealed handgun anywhere in Nebraska, the act goes on to list a number of exceptions — i.e., locations and situations in which even a permitholder may not carry a concealed handgun. These exceptions are contained in § 69-2441(1)(a) of the act, which reads in its entirety as follows:
 A permitholder may carry a concealed handgun anywhere in Nebraska, except any: Police, sheriff, or Nebraska State Patrol station or office; detention facility, prison, or jail; courtroom or building which contains a courtroom; polling place during a bona fide election; meeting of the governing body of a county, public school district, municipality, or other political subdivision; meeting of the Legislature or a committee of the Legislature; financial institution; professional or semiprofessional athletic event; building, grounds, vehicle, or sponsored activity or athletic event of any public, private, denominational, or parochial school or private or public university, college, or community college; place of worship; hospital, emergency room, or trauma center; political rally or fundraiser; establishment having a license issued under the Nebraska Liquor Control Act that derives over one-half of its total income from the sale of alcoholic liquor; place where the possession or carrying of a firearm is prohibited by state or federal law; a place or premises where the person, persons, entity, or entities in control of the property or employer in control of the property has prohibited permitholders from carrying concealed handguns into or onto the place or premises; or into or onto any other place or premises where handguns are prohibited by law or rule or regulation.
While the Concealed Handgun Permit Act speaks in terms of allowing permitholders to carry concealed handguns "anywhere in Nebraska," there are also Nebraska statutes which permit all cities and villages in the state — metropolitan class, primary class, first class, second class and village — to prohibit or prevent the carrying of concealed weapons within their jurisdictions. Neb. Rev. Stat. §§ 14-102(6), 15-255, 16-227
and17-556 (2007). These statutes were not expressly repealed by the act. Therefore, the question arises as to whether the cities and villages may continue, under the foregoing statutes, to enact or enforce ordinances prohibiting the carrying of concealed handguns, at least as they may apply to permitholders under the act. Specifically, you ask if any such ordinances are preempted by the act.
As stated in State ex rel. City of Alma v. Furnas County Farms,266 Neb. 558, 567, 667 N.W.2d 512, 521 (2003):
Preemption of municipal ordinances by state law is based on the fundamental principle that "municipal ordinances are inferior in status and subordinate to the laws of the state." 5 Eugene McQuillin, The Law of Municipal Corporations § 15.20 at 106 (3d ed. 1996)). Thus, "`[w]here there is a direct conflict between a city ordinance and a state statute, the statute is the superior law.'" Herman v. Lee, 210 Neb. 563, 567,316 N.W.2d 56, 59 (1982) (quoting Arrow Club, Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 131 N.W.2d 134 (1964).
There are three circumstances in which a municipal ordinance may be preempted by state law. "First, the Legislature may expressly declare in explicit statutory language its intent to preempt municipal ordinances." State ex rel. City of Alma, 266 Neb. at 568, 667 N.W.2d at 522. That has, obviously, not been done in the present situation. Nothing in the Concealed Handgun Permit Act expresses an explicit intent to preempt city ordinances prohibiting the carrying of concealed handguns by permitholders.
"Second, in the absence of explicit statutory language, the Legislature's intent to preempt municipal ordinances may be inferred from a comprehensive scheme of legislation." This type of preemption is sometimes called "field preemption." State ex rel. City of Alma,266 Neb. at 568, 667 N.W.2d at 522. Quoting extensively from 5 Eugene McQuillin, The Law of Municipal Corporations § 15.20 at 107-08 (3d ed. 1996), the City of Alma court described field preemption as follows:
 [A]n intent by the state to preempt an entire field of legislation need not be expressly declared. Preemption may be implied from the nature of the subject matter being regulated and the purpose and scope of the state statutory scheme. . . .
 [A]n ordinance may cover an authorized field of local laws not occupied by general laws, or may complement a field not exclusively occupied by the general laws. However, where the state has occupied the field of prohibitory legislation on a particular subject, a municipality lacks authority to legislate with respect to it.
State ex rel. City of Alma, 266 Neb. at 568-69, 667 N.W.2d at 522. (Emphasis supplied.)
In the present situation the Legislature appears to have occupied the entire field with regard to the carrying of concealed handguns. On that subject, the Concealed Handgun Permit Act has set forth the overall policy of the state when it comes to the carrying of concealed handguns and the licensing of persons to do so and has set forth a comprehensive regulatory scheme for implementing that policy. Therefore, cities and villages lack authority to legislate for themselves with respect to this subject. This is true even for cities operating under a home rule charter.
It is well established that under a home rule charter, a city's power must be consistent with and subject to the constitution and laws of this state, except as to local matters of strictly municipal concern. . . . The constitutional limitation that a home rule charter must be consistent with and subject to the laws of the state [Neb. Const. art. XI, § 2] . . . means that on matters of such general concern to the people of the state as to involve a public need or policy, the charter must yield to state legislation.
Home Builders Assn. of Lincoln v. City of Lincoln, 271 Neb. 353, 360,711 N.W.2d 871, 877-78 (2006).
Under the third circumstance calling for preemption "a municipal ordinance is preempted to the extent that it actually conflicts with state law." State ex rel. City of Alma, 266 Neb. at 569,667 N.W.2d at 522. Moreover, "`[t]he fact that a local ordinance does not expressly conflict with the statute will not save it when the legislative purpose in enacting the statute is frustrated by the ordinance.'" Id. (quoting, 5 Eugene McQuillin, The Law of Municipal Corporations § 15.20 at 107).
Any city or village ordinance prohibiting the carrying of concealed handguns by permitholders would conflict directly with the provisions of the Concealed Handgun Permit Act which authorize permitholders to carry concealed handguns throughout the state and "anywhere in Nebraska" except in certain specified locations and circumstances. There does not appear to be any reasonable construction of the terms "throughout the state" and "anywhere in Nebraska" that would somehow exempt all the cities and villages in the state that have enacted or may enact ordinances prohibiting concealed handguns from their reach. The relatively recently-enacted Concealed Handgun Permit Act and the pre-existing statutes authorizing cities and villages to prohibit concealed weapons are necessarily repugnant to each other, at least insofar as concealed handguns carried by permitholders under the act are concerned. Thus, any ordinances prohibiting the carrying of concealed weapons, at least to the extent they may be interpreted as applying to permitholders under the act, are necessarily in conflict with the provisions of the act and would frustrate the purpose of the Legislature in enacting that law. "`That which is allowed by the general laws of the state cannot be prohibited by ordinance, without express grant on the part of the state.'" State ex rel. City of Alma, 266 Neb. at 569,667 N.W.2d at 522 (quoting, 5 Eugene McQuillin, The Law of Municipal Corporations § 15.20 at 107). There is no "express grant" from the state permitting cities and villages to prohibit the carrying of concealed handguns by permitholders.
This court [the Nebraska Supreme Court] has stated that "`[a] city ordinance is inconsistent with a statute if it is contradictory in a sense that the two legislative provisions cannot coexist. . . . Generally, an ordinance cannot prohibit what the Legislature has expressly licensed, authorized, or permitted.'" Herman v. Lee,210 Neb. 563, 567, 316 N.W.2d 56, 59 (1982) (quoting Arrow Club Inc. v. Nebraska Liquor Control Commission, 177 Neb. 686, 131 N.W.2d 134 (1964).
State ex rel. City of Alma, 266 Neb. at 569, 667 N.W.2d at 522-23.
Accordingly, it appears that a city or village cannot have or enforce an ordinance which effectively prohibits the carrying of concealed handguns by permitholders everywhere within its jurisdiction.[2] The answer to your first question is in the affirmative. It appears that there has been preemption.
II.
Exception for Place or Premises Where Handguns Prohibited by Law
Turning to your second inquiry, you ask if the exception contained in § 69 2442(1)(a) of the Concealed Handgun Permit Act prohibiting permitholders from carrying concealed handguns where handguns are prohibited by law, rule or regulation grants cities and villages the authority to ban the lawful carrying of concealed handguns by a permitholders. That exception, when read in context of the entire section, states: "A permitholder may carry a concealed handgun anywhere in Nebraska, except . . . into on onto any other place or premises where handguns are prohibited by law or rule or regulation." (Emphasis supplied.)
There are, however, at least two reasons why this exception is not likely sufficient to allow cities and villages to prohibit the carrying of concealed handguns.
"Place or Premises"
First, there is a question as to whether or not the term "other place or premises" is broad enough to encompass the entirety of a city's or village's geographical boundaries. In other words, did the Legislature intend the term "place or premises" to mean an entire city or village, or did it have a more limited concept of a "place or premises?"
One hint that this exception was not intended to include an entire, city or village is the fact that all of the other "places or premises" mentioned in the exceptions in § 69-2442(1)(a) seem to be limited locales, such as some buildings, bars, sports venues, private property and the locations of public meetings and the like. Nothing in any of these other exceptions suggests that the Legislature intended to limit its statement that a "permitholder may carry a concealed handgun anywhere in Nebraska" to such a degree that entire cities and villages could be deemed off-limits to concealed handguns.
As stated in Dykes v. Scotts Bluff County Agricultural Society, Inc.,260 Neb. 375, 380, 617 N.W.2d 817, 822 (2000):
 Under the "ejusdem generis" canon of construction, "when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed." Black's Law Dictionary 535 (7th ed. 1999). Thus, under the ejusdem generis rule, specific words or terms modify and restrict the interpretation of general words or terms where both are used in sequence.
Applying the "ejusdem generis" rule to the last exception set forth in § 69 2442(1)(a) of the act, it would appear that the broad term "any other place or premises" would be restricted to the types of places or premises listed specifically in the other exceptions contained in that section; and these other types of places or premises are not broad enough to encompass entire cities and villages.
Additionally, it is worth noting that one of the listed exceptions specifically states that concealed handguns may not be carried by permitholders at any "place where the possession or carrying of a firearm is prohibited by state or federal law." Had the Legislature intended to include city or village ordinances prohibiting the carrying of concealed weapons within the exceptions, it could easily have simply referred to such ordinances at such point as being included within this particular exception. It did not do so.
On the other hand, it is well-established that words used in statutes are to be given their ordinary meaning as would be understood by the average reasonable person. "The purpose and intent of the Legislature must be ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense." State ex rel. City of Alma,266 Neb. at 568, 667 N.W.2d at 521. The word "place," in one of its dictionary definitions, is said to be "a city, town or village." Webster's New Universal Unabridged Dictionary (2d ed. 1983) at 1370. Therefore, by using the word "place" in the last exception, the Legislature may have meant that an entire city or village could be off-limits to concealed handguns. As discussed below, however, we do not think the exception can be given such an interpretation.
"Where Handguns Are Prohibited"
The second, and primary, reason why the exception cannot be deemed to allow cities and villages to prohibit the carrying of concealed handguns throughout their territories arises from the fact that the exception bars the carrying of concealed handguns "into on onto any other place or premises where handguns are prohibited by law or rule or regulation." (Emphasis supplied.) It is important to note that the exception says that concealed handguns may not be carried "where handguns are prohibited" altogether. It does not say that concealed handguns may not be carried by permitholders where only concealed handguns are barred. This is a very important distinction in this context because the statutes under which cities and villages have acted or may act to prohibit the carrying of concealed handguns only give the cities the authority to prohibit the carrying of concealed weapons. They do not give cities and villages the authority to prohibit handguns within their limits altogether; and we are not aware of any statutory authority for other local political subdivisions to do so either.
Accordingly, the exception does not appear to apply to cities and villages at all because there is nothing in Nebraska law that would permit a city or village to prohibit handguns altogether within its boundaries. Put another way and in the words of the exception itself, an entire city or village cannot be a "place or premises where handguns are prohibited."[3]
This understanding of the exception reflects a common sense reading of it. Wherever there is a valid law or rule or regulation prohibiting handguns, whether concealed or not, from a particular place or premises, then even permitholders will not be permitted to carry concealed handguns in or on that place or premises. On the other hand, where there is not and cannot be a valid law or rule or regulation prohibiting handguns, whether concealed or not, from a particular place or premises, then permitholders may carry concealed handguns in that location unless some other exception applies.
Therefore, it is our opinion that the exception contained in § 69-2442(1)(a) of the Concealed Handgun Permit Act barring permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" does not grant cities and villages the authority to ban the lawful carrying of concealed handguns by permitholders.
III.
Meaning of the "Other Place or Premises Where Handguns Are Prohibited" Exception
Your final question asks whether the provision found in § 69-2441(1)(a) of the Concealed Handgun Permit Act that prohibits even permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" means that permitholders may not carry concealed handguns in a location "where the simple possession, let alone the carrying of a handgun, is otherwise prohibited." We believe that our discussion in subsection II above answers this inquiry.
It appears to us that the exception means exactly what it says: Where a valid statute, rule or regulation bans handguns altogether from a particular place or premises, even a permitholder under the act cannot carry a concealed handgun into or onto that place or premises. Such a ban on handguns in a particular place or premises would apply whether the handguns were being "carried," possessed by an individual in some other way or simply located in that place or premises.
Conclusion
Based upon the foregoing discussion our responses to your three questions are as follows:
 1. It is our opinion that the Concealed Handgun Permit Act has preempted any local political subdivision ordinances banning the concealed carrying of handguns within their jurisdictions, at least to the extent that such ordinances may be deemed to apply to permitholders under the act.
 2. It is our opinion that the provision found in § 69-2441(1)(a) of the Concealed Handgun Permit Act that prohibits even permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" does not grant local political subdivisions the authority to ban the lawful carrying of concealed handguns by permitholders.
 3. It is our opinion that the provision found in § 69-2441(1)(a) of the Concealed Handgun Permit Act that prohibits even permitholders from carrying concealed handguns "into or onto any other place or premises where handguns are prohibited by law, rule or regulation" means that permitholders may not carry concealed handguns in a location "where the simple possession, let alone the carrying of a handgun, is otherwise prohibited."
 We hope that the discussion and opinions contained herein will be of assistance to you in deciding whether or not to introduce legislation addressing the issues you have raised and in formulating any such proposed legislation.
Sincerely yours,
 JON BRUNING Attorney General
 Charles E. Lowe Assistant Attorney General
Approved by:
 _______________________________ Attorney General
[1] In your letter you pose your questions using the term "local political subdivision," rather than "city" or "village." After discussing this with your staff, however, we have limited our analysis to the authority (or lack of authority) of cities and villages with regard to the carrying of concealed handguns by permitholders under the act since we are not aware of any "local political subdivisions" except cities and villages that have statutes authorizing them to enact ordinances banning concealed weapons. In any event, while our analysis will deal directly with the authority of cities and villages in this context, we believe it would apply equally to any counties that might seek to bar the carrying of concealed handguns by permitholders under the act.
[2] While not able to prohibit permitholders from carrying concealed handguns anywhere in the city, a city or village could still, under the next-to-last exception in § 69-2441(1)(a) of the act, prohibit permitholders from carrying concealed handguns in specific places or premises that it directly controls. For example, a city or village could ban concealed handguns in city-owned parks, buildings, recreation facilities, arenas, etc. The city or village would have to comply with the procedures outlined in § 69-2441(2) regarding the posting of notice.
We do not believe, however, that these posting provisions can be used by a city or village to prohibit permitholders from carrying concealed handguns anywhere within its borders. To allow cities and villages to use the posting provisions to ban permitholders from carrying concealed handguns on any public property (especially streets and other public ways) within their borders would seriously undermine the policy of the Legislature to allow permitholders to carry their concealed handguns "anywhere in Nebraska." Also, the term "in control of the property" seems to suggest that it is a narrow exception which only applies to owners or lessees of distinct "properties" and not to a city or village, which may have some "control" over everything within its boundaries, but is the owner or lessee only of property it, as an entity, actually owns or leases. Therefore, it appears that cities and villages cannot utilize this provision to effectively ban permitholders from carrying concealed handguns everywhere within their boundaries.
Common sense would also indicate that a city or village cannot effectively bar permitholders from carrying concealed handguns throughout its territory by claiming that all streets and sidewalks are its "property" and posting notice that concealed handguns may not be carried on its streets and sidewalks, even in vehicles. Indeed, § 69-2441(2) specifically says that a permitholder is not in violation of any posted ban on concealed handguns at the particular place or premises "so long as the handgun is not removed from the vehicle while the vehicle is in or on the place or premises."
[3] Were a county, city or village to ban the possession or carrying of handguns throughout its geographical territory, it might run afoul of U.S. Const. amend. II and/or Neb. Const. art. I, § 1. See, District of Columbia v. Heller, __ U.S.__, 128 S.Ct. 2783 (2008) (holding municipal law that totally banned possession of firearms in the home unconstitutional as violative of Second Amendment right "to keep and bear Arms").